NASH, APPELLEE, *v.* NASH, APPELLANT.

(No. 199—Decided October 26, 1945.)

*Messrs. Ainsworth & Gilbert,* for appellee.
*Mr. Carl M. Myers,* for appellant.

WASHBURN, P. J. Glenn L. Nash, a soldier, brought this action in July, 1944, against his wife, Bettie M. Nash, whom he had married in June, 1943.

The parties had one child, less than three months of age, and the grounds for the divorce were gross neglect and extreme cruelty.

On the wife's motion, temporary alimony for the support of herself and child was granted, and in Au-

gust she filed an answer and cross-petition seeking a divorce because of the gross neglect of duty of the husband, asking that she be granted the custody of their child, and permanent alimony for the support of herself and child.

On January 6, 1945, the husband was granted leave to withdraw his petition for divorce, and on the same day a divorce was granted to the wife on her cross-petition, she was granted the custody of the child, and the husband was ordered to pay her alimony in the sum of $100 a month; and the court also ordered him to pay his arrearage of $300 temporary alimony, at the rate of $25 a month.

On February 8, 1945, 33 days after said divorce and alimony judgment had been entered, and at a subsequent term of court, the husband filed a motion asking the court to "decrease the amount of the alimony and support of minor child heretofore ordered herein, for the reason that such allowance of alimony is grossly excessive, considering the earnings of the plaintiff and other circumstances involved."

A hearing was had on this motion, and the evidence and statements of counsel appear in the record in the form of a bill of exceptions.

On February 24, 1945, the court granted the motion and reduced the amount of the monthly alimony from $100 to $60.

Proper exceptions were taken, and the matter is before this court on an appeal on questions of law, it being urged that there was no evidence, at least not sufficient evidence, to warrant a change in the amount of the judgment for alimony.

The power of the court in divorce cases to award alimony payable in installments, determine the custody of children, and to make orders for their support, is conferred by statute.

The courts of Ohio have applied a sound public policy in the interpretation of those statutes, and it is established that, except in cases where alimony is awarded pursuant to an agreement of the parties which is submitted to and approved by the court in its journal entry, the jurisdiction exercised by the courts in such matters is a continuing jurisdiction to modify such orders after term, if it be found that changed conditions warrant such modification; and such jurisdiction may be exercised although there is no reservation of authority to modify in·the decree. *Corbett* v. *Corbett,* 36 Ohio App., 321, 173 N. E., 316 (affirmed, *Corbett* v. *Corbett,* 123 Ohio St., 76, 174 N. E., 10).

A review of the authorities justifies the conclusion that, in a divorce action, where judgment has been entered granting to the wife a divorce—which is a complete severance of the family relation—and terminating the interproperty rights of the parties and providing for permanent alimony payable in installments, the court granting the divorce (except in those cases where alimony is awarded pursuant to agreement of the parties which is submitted to and approved by the court in its journal entry) has the power and jurisdiction, upon proper application therefor, to modify such alimony judgment if the changed circumstances warrant such modification; but such court, in the absence of fraud or mistake in obtaining such alimony judgment, has no right, at a succeeding term of court, to retry the issue of alimony upon the facts and circumstances existing at the time of the original trial. Also, the changes in the circumstances of the parties that may be considered must be material and not purposely brought about by the complaining party, and must be considered on the basis that the judgment sought to be modified was·justified and proper when made. *Olney* v. *Watts,* 43 Ohio St., 499, 3 N. E., 354.

In this case the only change in the circumstances of the parties suggested is—first, that the husband was married within a very few days after the divorce was granted, and, second, a change in wages earned by the wife.

As to the first claimed change, the evidence shown by the record establishes beyond peradventure that the husband, who brought the action for divorce while he was in the service, desired to marry another girl and that he withdrew his petition and induced his wife to obtain a divorce on her cross-petition, by promising to pay her alimony in the sum which the court ordered, and almost immediately thereafter was married; and then, shortly thereafter, filed the motion to reduce the amount.

Under such circumstances, such marriage is not a changed circumstance which it is proper to consider in support of his motion to modify.

As to the second claimed change, there is no evidence in the record that the wife's earnings were any different at the time of the hearing on the motion to modify than they were at the time of the granting of the divorce.

Our conclusion is that there was no evidence before the court on the motion to modify of any changes in the circumstances of the parties which could properly form a basis for the granting of such motion, and for that reason the judgment reducing the alimony is reversed. And this court, proceeding now to render the judgment which the trial court should have rendered, hereby overrules the motion of the plaintiff to modify the former order with reference to alimony.

Judgment against appellee for costs, and cause remanded.

*Judgment accordingly.*

Doyle, J., and Stevens, J., concur.