360

SUPANICK, APPELLANT, *v.* SUPANICK, APPELLEE.

(No. 80-1186—Decided June 10, 1981.)

*Messrs. Madden, Morganstern & Boughton* and *Mr. Stanley Morganstern,* for appellant.

*Messrs. Rini, Cosiano & Pedley, Mr. Martin A. Rini* and *Mr. Ralph V. Cosiano,* for appellee.

*Per Curiam.* The sole issue raised in the instant cause is whether this court's holding in *Wolfe, supra,* that a reservation of jurisdiction to modify a sustenance and support award will be implied in a divorce decree, should be applied retroactively.

This issue was addressed and settled in *Wolfe.* In the last two sentences of the majority opinion, at pages 421-422, the court stated:

"In holding therein that modification jurisdiction continues as to alimony sustenance awards, even though based upon agreements of the parties, we perceive that immeasurable difficulties will arise in attempting to judicially determine the character of the award in a given case. Therefore, while we apply the rule here because the separation is clearly manifested, *our holding herein is to be applied prospectively only to decrees incorporating separation agreements entered after the date of this judgment.*" (Emphasis added.)

While it is the general rule that the syllabus of the case states the law, "the rule does not substitute the syllabus for the court's order or judgment, from which must be determined the issues decided by the court." *Burton, Inc.,* v. *Durkee* (1954), 162 Ohio St. 433, paragraph one of the syllabus. Although not contained in the syllabus, the court's statement that *Wolfe* did not apply retroactively was part of the court's decision. The Court of Appeals erred in concluding that the language was only dictum.*

---

* Other Courts of Appeals, when addressing the issue, have found the language in *Wolfe,* providing that it is not to be applied retroactively, to be dispositive of the issue. *E.g., Reimer* v. *Reimer* (Ct. App. Cuyahoga Co. June 12, 1980), No. 40648, unreported; *Degen* v. *Degen* (Ct. App. Franklin Co. April 5, 1979), No. 78 AP 679, unreported.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J. dissenting. It is my view that the holding in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, paragraph two of the syllabus, that a reservation of jurisdiction in a divorce decree to modify a sustenance and permanent alimony award upon a change of circumstances will be implied in the decree, constitutes a rule which should be applied retrospectively as well as prospectively. I would apply the holding in *Wolfe* to separation agreements and divorce decrees entered into prior to the date of that decision.

Retrospective application of the rule in *Wolfe,* to all separation agreements and divorce decrees prior to June 23, 1976, is consistent with elementary justice. Otherwise there is one standard of justice for the litigants in *Wolfe,* and a different standard for hundreds of litigants in other cases situated similarly to the Wolfes.

A conclusion and decision that *Wolfe* should be applied prospectively only to decrees after June 23, 1976, requires as a logical consequence that the *Wolfe* holding should not have been applied to the divorce and alimony decree in the *Wolfe* case itself. That decree incorporated a separation agreement of the parties dated November 14, 1967 and entered on January 2, 1968. In short, that 1976 decision was a retrospective application of the *Wolfe* rule to a 1967-1968 separation agreement incorporated into a divorce decree. Neither *stare decisis* nor any rule of law requires this court to apply paragraph two of the syllabus in *Wolfe* prospectively only, and thereby reach an unjust result.

As one last observation, our decision today allows alimony awards based on separation agreements written prior to *Wolfe* to stand uncorrected and uncorrectable, since continuing jurisdiction to modify sustenance awards applies only to such agreements and divorce decrees made after June 23, 1976.

Our decision today totally eliminates judicial review of the multitude of divorce decrees based upon separation agreements drafted at any time before *Wolfe*.

I would affirm the judgment of the Court of Appeals.

SWEENEY, J., concurs in the foregoing dissenting opinion.