McDONAGH, APPELLANT, *v.*
McDONAGH, APPELLEE.

(No. L-81-355—Decided April 30, 1982.)

*Mr. R. Jeffrey Lydy,* for appellant Mary Kay McDonagh.

*Mr. Jeffrey R. Twyman,* for appellee Richard J. McDonagh.

WILEY, J. The appeal herein is from a judgment entered by the Court of Common Pleas of Lucas County, Juvenile Divi-

sion, on October 29, 1981, wherein the trial court reduced the weekly alimony from the sum of $80 per week to the sum of $50 per week, effective December 12, 1980.

The non-contested divorce of plaintiff-appellant, Mary Kay McDonagh, came on for hearing on December 4, 1975. The divorce was granted. The judgment entry stated, in pertinent part:

"* * * IT IS FURTHER ORDERED that the Defendant pay Plaintiff Eighty ($80.00) Dollars per week alimony commencing December 5, 1975 and continuing until the Plaintiff's death or remarriage, whichever first occur."

On December 12, 1980, defendant-appellee, Richard J. McDonagh, filed a motion to terminate alimony and child support, alleging substantial change of circumstances, to wit:

"1. The Plaintiff is now, and has been employed therein earning substantial income, which she was not at the time of the original divorce. [Direct quote from motion filed in trial court December 12, 1980.]

"2. The Plaintiff is cohabiting with another man in the home which was the original marital home of the parties herein.

"3. The Plaintiff who represented herself to be ill at the time of the original decree and unable to work as a result thereof, is now healthy and able to continue her present employment and to seek other permanent employment if necessary."

A hearing was had on January 13, 1981. The referee's report, filed on March 23, 1981, suggested in pertinent part "[t]hat alimony be suspended during such time that Plaintiff's disease is in remission and that she is able to work * * *."

On April 1, 1981, appellant filed a motion for rehearing on her objections to the referee's report. On October 29, 1981, after a hearing on that motion, Judge Donald L. Dodd entered judgment modifying the referee's report, to wit:

"Since the Plaintiff is now working

there has definitely been a change in circumstances to justify the modification of the alimony award. The Court, however, feels that since the Plaintiff is only earning $87.50 per week gross the entire alimony payment should not be suspended. Plaintiff should not be penalized for attempting to better herself.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the alimony awarded to Plaintiff is reduced to $50.00 per week effective December 12, 1980 until further ordered [*sic*] of this Court."

Timely appeal was filed.

The sole assignment of error herein states:

"Mrs. McDonagh contends that the lower Court erred in that it modified the alimony order from Eighty ($80.00) Dollars per week to Fifty ($50.00) Dollars per week based upon a change in circumstances."

Citing *Supanick* v. *Supanick* (1981), 66 Ohio St. 2d 360 [20 O.O.3d 325], and *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], appellant contends that the court had no authority to modify the instant alimony award absent a reservation of jurisdiction in the divorce decree. We disagree. In *Supanick* and *Wolfe, supra,* a separation agreement had been incorporated into the divorce decree; in the case *sub judice,* no separation agreement was entered into. As stated by the court in *Popovic* v. *Popovic* (1975), 45 Ohio App. 2d 57, 67 [74 O.O.2d 94]:

"* * * The Ohio Supreme Court has repeatedly declared that there is a distinction between alimony awards based on agreements and alimony awards not based on agreements."

Appellant contends that the $80 per week figure was established by an "agreement" between the parties. Our examination of the record discloses no such agreement. Appellant does make reference to the Domestic Relations Trial Docket of June 6, 1975, which was attached to her brief, but was not filed as a part of the record in this case. The item referred to in appellant's brief with reference to said docket is, "Oral agreement approved, to be incorporated in Judgment Entry as read into record." No signature appears on the trial docket. We can find nothing relative to the words "as read into the record." Appellant furthermore refers to the fact that the case herein was "a settled case." The record is silent as to the terms of the "settlement." The judgment entry dated December 4, 1975, begins:

"This cause came on for hearing this 4th day of December, 1975 on the Cross-Petition of the defendant and *the evidence * * *.*" (Emphasis added.)

The court's findings are devoid of any mention of an "agreement" or of a "settlement" as to alimony or any of the other items contained in the judgment entry. The record discloses no agreement or any "settlement" terms. We determine that the court properly modified the instant alimony award, upon a showing of substantial change in circumstances, *after hearing on "the evidence:"*

"B. If there is no agreement between the parties as to permanent alimony of an indefinite amount, and the trial court makes an alimony award *after hearing all the evidence,* but the court does not expressly reserve jurisdiction to modify, it is implied that the trial court does have continuing jurisdiction to modify the award for permanent alimony because of change of circumstances." (Emphasis added.) *Popovic* v. *Popovic, supra,* paragraph two of the syllabus.

See, also, *Nash* v. *Nash* (1945), 77 Ohio App. 155 at 157 [32 O.O. 409]; *Olney* v. *Watts* (1885), 43 Ohio St. 499, paragraph one of the syllabus.

Appellant's sole assignment of error is not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of

the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and POTTER, J., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.