ROACH, Appellee,

v.

ROACH, Appellant.

[Cite as *Roach v. Roach* (1989), 61 Ohio App.3d 315.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55010.

Decided Feb. 27, 1989.

*John W. Hickey*, for appellee.

*Richard A. Goulder*, for appellant.

JOHN F. CORRIGAN, Judge.

Defendant-appellant, Dewey Roach, appeals the order of the trial court which denied his motion to reduce alimony, ordered partial withholding of his pension and granted plaintiff-appellee Lassie Roach's motion to show cause.

Appellant's statement of the proceedings, submitted in accordance with App.R. 9(C), reveals that on November 12, 1986, appellant filed a motion to modify a prior court order which required him to pay appellee $190 per week as sustenance alimony. The grounds in support of this motion to modify were that appellant, who was preparing to retire from his position with Ford Motor Co., anticipated that his monthly retirement benefits would be $875 net, in contrast to his net working income of $1,300. Appellant's other sources of monthly income, including $200 per month from rental property and $69 per month in partial disability benefits, were to remain unchanged, however.

Thereafter, on December 17, 1986, appellee, who is unemployed due to medical reasons, filed a motion to increase appellant's alimony obligations and later moved the court to include the administrator of the Ford–UAW Retirement Plan as a party to the proceedings. Appellee's income and expense sheet submitted pursuant to her motion to modify indicated that her monthly living expenses, including hospitalization and insurance, are $998.50 per month, or approximately $150 per month more than she was receiving from appellant.

On January 21, 1987, appellee filed a motion to show cause, claiming that appellant was in arrears in his payment of alimony.

All motions were consolidated for hearing and referred by the court to a referee. Following the hearing, the referee recommended that appellant's motion to reduce alimony be denied, and that appellee's motion to increase alimony be granted, as he found that appellant had remarried and his second wife earns considerable income, and that appellee's motion to show cause be granted.

Appellant filed objections to the referee's report, and thereafter, on December 2, 1987, the trial court issued an order which denied both appellant's and appellee's motions to modify alimony, granted appellee's motion to show

cause, and awarded her $300 for attorney fees incurred. In addition, the court ordered that Ford Motor Co. forward part of appellant's pension proceeds to the Bureau of Support, in satisfaction of appellant's alimony obligations.

Herein, appellant challenges (1) the trial court's denial of his motion to modify, (2) the withholding order attached to his pension benefits, and (3) the award of attorney fees to appellee in connection with her motion to show cause. We affirm in part, reverse in part, and remand for further proceedings.

## I

For his first assignment of error, appellant claims that the trial court erred in denying his motion to reduce his alimony obligation because he presented adequate evidence of changed circumstances. We disagree.

Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether there has been a substantial change in circumstances which was not contemplated at the time of the original order. *Bingham v. Bingham* (1983), 9 Ohio App.3d 191, 193, 9 OBR 302, 303–304, 459 N.E.2d 231, 232–234. In addition, the alleged change in circumstances must not have been purposely brought about by the party seeking modification. *Nash v. Nash* (1945), 77 Ohio App. 155, 157, 32 O.O. 409, 409–410, 65 N.E.2d 728, 729–730.

In this case we note that, upon his retirement,[1] appellant's net income decreased from $1,569[2] to $1,144[3] per month. Absent other factors affecting income, such a decrease is sufficiently substantial to justify a reduction in alimony obligations. Cf. *Page v. Page* (Apr. 14, 1983), Cuyahoga App. No. 45188, unreported, 1983 WL 5929.

---

1. We do not agree with appellee's contention that appellant's retirement at age 59 constitutes a voluntary act which bars modification of appellant's alimony obligation. Because appellant merely took advantage of retirement benefits to which he was entitled, we find a significant difference between this case and those cases where an obligor quits his job and then seeks modification. Accord *Young v. Young* (Apr. 10, 1987), Lucas App. No. L86-298, unreported, 1987 WL 9457. Moreover, because the record suggests that appellant's retirement was motivated, at least in part, by medical reasons, this case is distinguishable from *Bauer v. Bauer* (Apr. 15, 1982), Montgomery App. No. 7596, unreported, 1982 WL 3719.

2. This figure represents $1,300 in net income, $200 per month in rental income, and $69 per month in disability.

3. This figure represents $875 in retirement income, $200 in rental income, and $69 in disability.

 We further note, however, that appellant included in his Income and Expense Sheet various monthly expenses which appear to be incurred by him and his second wife (*i.e.*, $225 for food, $50 for church, etc., and $45 for newspapers, etc.). Accordingly, the trial court was required to consider appellant's second wife's income in determining whether appellant's retirement had in fact constituted a substantial change in circumstances. See *Beyer v. Beyer* (1979), 64 Ohio App.2d 280, 283, 18 O.O.3d 267, 269–270, 413 N.E.2d 844, 846–847. Moreover, his second wife's income should be considered in light of his allegation of changed circumstances. Cf. *Emery v. Emery* (Mar. 22, 1979), Cuyahoga App. No. 38637, unreported. Thus, because appellant's second wife has a net income of $1,520 monthly, we do not find that the trial court abused its discretion in denying appellant's motion to modify. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 481–482, 450 N.E.2d 1140, 1141; *Lira v. Lira* (1983), 12 Ohio App.3d 69, 12 OBR 211, 465 N.E.2d 1353. Therefore, the first assignment of error is overruled.

## II

 Appellant next contends that the trial court's attachment of his pension proceeds violated R.C. 2329.66(A)(10)(b) and Section 1673, Title 15, U.S.Code. We agree.

The 1987 version of R.C. 2329.66, in effect at the time the trial court entered the withholding order complained of,[4] provided in pertinent part:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

" * * *

"[10](b) *Except as provided in section 3113.21 of the Revised Code,* the person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:

"(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time his rights under the plan or contract arose;

---

**4.** See, generally, Sub. H.B. No. 231 (effective Oct. 5, 1987) (142 Ohio Laws, Part II, 2695–2699).

"(ii) The payment is on account of age or length of service;

"(iii) The plan or contract is not qualified under the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended." (Emphasis added.)

R.C. 3113.21, in turn, provides in pertinent part:

"(D) If a court is required under division (B) or (C) of this section or any other section of the Revised Code to issue one or more orders described in this division, the court shall issue one or more of the following types of orders to pay the support required under the support order and also, if required by either of those divisions, any other section of the Revised Code, or the court, to pay any arrearages:

" * * *

"(4) If the court or bureau of support determines that the obligor is receiving any form of income, including, but not limited to, disability or sick pay, insurance proceeds, lottery prize awards, federal, state, or local government benefits to the extent that the benefits can be withheld or deducted under any law governing the benefits, any form of trust fund or endowment fund, vacation pay, commissions and draws against commissions that are paid on a regular basis, bonuses or profit-sharing payments or distributions, or any lump-sum payments, *the court may issue an order requiring the person who pays or otherwise distributes the income to the obligor to withhold from the obligor's income a specified amount for support in satisfaction of the support order,* to begin the withholding one week after receipt of the order, and to continue the withholding at intervals determined by the court in its order until further order of the court. To the extent possible, the amount specified in the order to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages that may be owed by the obligor under any prior support order that pertained to the same child or spouse, *notwithstanding the limitations of sections 2329.66, 2329.70, and 2716.13 of the Revised Code. However, in no case shall the sum of the amount specified in the order to be withheld and any fee withheld by the person paying or otherwise distributing the obligor's income as a charge for its services exceed the maximum amount permitted under section 303(b) of the 'Consumer Credit Protection Act,' 15 U.S.C. 1673(b)."* (Emphasis added.)

Thus, by its express terms, R.C. 3113.21 adopts the ceiling on withholding set forth in Section 1673(b), Title 15, U.S.Code.

These limits are as follows:

"(b)(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

"(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

"(B) where such individual is not supporting such spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week * * *."

The term "net disposable earnings" includes "periodic payments of compensation." *Kokoszka v. Belford* (1974), 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374, 382.

Thus, we find appellant's total net disposable monthly earnings to be $1,144, representing $875 in retirement benefits, $69 in partial disability payments, and $200 in rental income.

Nonetheless, the trial court ordered that $839.46 per month (including two percent poundage), or approximately seventy-three percent of appellant's net disposable income, be withheld from appellant's monthly pension benefit from Ford.

Accordingly, we find Assignment of Error No. II to be well-taken. We, therefore, reverse the trial court insofar as it orders Ford Motor Co. to withhold $839.46 from appellant's monthly pension benefits, and instruct the trial court to order withholding of no more than sixty percent of appellant's net disposable income.

### III

For his third assignment of error, appellant contends that the trial court erred in permitting the administrator of the Ford Motor Co. pension plan to be joined in the proceedings, and in ordering the withholding of pension proceeds, because appellee waived all rights to the Ford pension when the parties were divorced. We rejected this contention in *Pheiffer v. Pheiffer* (June 2, 1983), Cuyahoga App. No. 45575, unreported, 1983 WL 3066, and accordingly, we find this assignment of error to lack merit.

In *Pheiffer v. Pheiffer, supra,* the parties signed a mutual release which prohibited them from sharing in any property, including retirement benefits, which was not expressly mentioned in their separation agreement. Thereafter, the appellant, the obligor, had fallen behind in his payment of alimony, and was found to be in contempt of court. The court then allowed the

appellant to purge himself of the contempt ruling by making the appellee the beneficiary of his retirement plan.

This court found the trial court's ruling proper despite execution of the mutual release, and stated:

"The mutual release provision relied upon by appellant provides only that the parties will not assert any rights to share in any property other than that in the separation agreement. In the instant case, appellee is not asserting additional rights in the 'retirement plan,' but is only enforcing payment from the plan in light of appellant's refusal to continue his payments directly." *Id.* at 8.

Similarly, in this case, the trial court did not grant appellant any rights in appellant's pension plan, it merely ordered that appellee's right to alimony be enforced directly from appellant's retirement income. Accordingly, we overrule Assignment of Error No. III.

## IV

■ Appellant proposes, for his fourth and final assignment of error, that the trial court erred in granting appellee's motion to show cause, and in awarding her attorney fees in connection with this motion because he had repaid all arrearages by the time the consolidated motion hearing was held. We find no merit in this proposition.

In *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 15 OBR 285, 472 N.E.2d 1085, paragraph one of the syllabus, the Supreme Court held that "[p]roof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt."

Further, in *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph two of the syllabus, the Supreme Court stated: "[t]he purpose of contempt proceedings is to secure the dignity of the courts and the *uninterrupted* and unimpeded administration of justice." (Emphasis added.)

We, therefore, find no error in the trial court's granting of appellee's motion to show cause.

■ Similarly, we find no error in the trial court's award of attorney fees to appellee in connection with her motion to show cause, for, on a finding of civil contempt, sanctions may be imposed to either "enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of the noncompliance." *McComb v. Jacksonville Paper Co.* (1949), 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599, 604.

Because it is undisputed that the trial court awarded appellee attorney fees in order to compensate her for losses which were sustained because of appellant's previous noncompliance with his support obligation, we overrule Assignment of Error No. IV.

The decision of the trial court is affirmed as to Assignments of Error Nos. I, III and IV. The decision is reversed with respect to Assignment of Error No. II, and is remanded for a redetermination of the amount of appellant's pension to be withheld for support of appellee.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

KRUPANSKY, P.J., and MATIA, J., concur.