OPINION
Defendant-appellant James R. Billingham appeals from a decision modifying his monthly spousal support obligation owed to his former wife, plaintiff-appellee Mary Ann D. Billingham, from $1,600 to $1,000. Mr. Billingham argues that the trial court abused its discretion by not further reducing his spousal support obligation in light of his retirement and concomitant reduction in income.
We conclude that the trial court properly balanced Mrs. Billingham's need for spousal support against Mr. Billingham's ability to pay; therefore, the trial court did not abuse its discretion by not reducing Mr. Billingham's spousal support obligation by a greater amount. Accordingly, the judgment of the trial court is Affirmed.
 I
James and Maryann Billingham were divorced in 1992 after being married for 34 years. Pursuant to their divorce decree, Mr. Billingham was ordered to pay Mrs. Billingham $1,600 per month in spousal support. This order was made subject to the continuing jurisdiction of the trial court.
On July 13, 1999, Mr. Billingham filed a motion requesting that his spousal support obligation be terminated or, at least reduced, in light of his impending retirement in December, 1999, and the significant resulting reduction in income. On December 27, 1999, Mr. Billingham filed an amended motion, stating that he had retired, effective January 1, 2000, and that Mrs. Billingham would become entitled as of that date to begin receiving her share of the parties' retirement benefits, which had been divided by way of a QDRO in the 1992 divorce proceedings. Once again, Mr. Billingham requested the trial court to terminate spousal support; however, he did not reiterate his alternative request to have the amount of support "modified downward."
On December 28, 1999, a hearing was held in front of a magistrate on Mr. Billingham's motion to terminate spousal support. On January 20, 2000, the magistrate issued a decision and permanent order overruling Mr. Billingham's motion to terminate spousal support on the basis of Mrs. Billingham's stated monthly financial needs, as well as her physical and mental ailments. However, the magistrate also found that Mr. Billingham was entitled to have his monthly spousal support obligation reduced from $1,600 to $1,000, in light of his reduction in income.
Mr. Billingham filed objections to the magistrate report. On June 12, 2000, the trial court issued a decision and judgment, overruling Mr. Billingham's objections, and adopting the magistrate's decision and permanent order.
Mr. Billingham appeals from the trial court's June 12th judgment entry.
 II
Mr. Billingham's sole assignment of error states:
 THE TRIAL COURT ERRED IN ORDERING SPOUSAL SUPPORT IN THE AMOUNT OF $1000.
 Mr. Billingham argues that the trial court abused its discretion by not ordering a greater reduction of his spousal support obligation. We disagree.
Modification of spousal support orders is governed by R.C. 3105.18. A trial court does not have jurisdiction to modify a spousal support order unless there has been a "change of circumstances." R.C. 3105.18(E). The change must be substantial and one not contemplated at the time of the prior order. Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706. A change of circumstance includes, but is not limited to, any increase or involuntary decrease in the income or living expenses of the obligee or obligor spouse. R.C. 3105.18(F). If the trial court determines that a change in circumstances has occurred, it then must consider whether to modify the existing order, weighing all relevant factors, including those listed in R.C. 3105.18. Leighner v. Leighner (1986), 33 Ohio App.3d 214,215. The burden of showing that a change of circumstances has occurred is on the party claiming it, Mottice v. Mottice (Mar. 26, 1997), Summit App. No. 17906, unreported, as is the burden of showing that a modification of spousal support is warranted. Tremain, supra. Trial courts are granted broad discretion concerning awards of spousal support and their orders will not be disturbed on appeal absent an abuse of that discretion. Id. The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id.,
citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Here, everyone agrees that Mr. Billingham's retirement constituted a substantial change in circumstances. Furthermore, during the oral argument of this appeal, Mr. Billingham's attorney, while not formally conceding the point, recognized that it was difficult to argue that the trial court's decision not to terminate spousal support altogether constituted an abuse of discretion. Therefore, the question we must decide is whether a $1,000 monthly support order is reasonable under the facts of this case.
Mr. Billingham had annual earnings of $63,500 at the time of the parties' 1992 divorce. He earned over $80,000 in each of the three years preceding his retirement. Now that he has retired, his annual income from his pension and Social Security benefits is approximately $43,000. He has securities investments valued at the time of the modification hearing at $250,000, and a savings plan of approximately $2,000. His monthly expenses total approximately $2,250; this figure does not include expenses like food, utilities, and clothing. Mr. Billingham re-married in 1992 after his divorce. His new wife, who was 45 years old at the time of the modification hearing, has two children from a previous relationship. She works for General Motors, earning approximately $40,000 per year.
As a result of the order from which this appeal is taken, Mrs. Billingham receives $1,795 per month from spousal support payments from Mr. Billingham, and her share of the parties' retirement benefits. She owns the $63,000 condominium she lives in. She also owns $60,000 worth of securities, and has $12,000 in a savings account and $5,000 in a checking account. She will be eligible to receive approximately $550 per month in Social Security benefits beginning in September, 2001. In her affidavit of income, expenses, and financial disclosure, she estimated her monthly expenses to be $1,529.
Mr. Billingham argues that the spousal support award of $1,000 per month is unreasonable because the trial court "failed to examine the totality of the circumstances in determining an equitable and fair award of spousal support." First, Mr. Billingham faults the trial court for not assessing against Mrs. Billingham "any responsibility to earn even a modest supplement to her income or to assess against her any consequence for her personal choice to languish in a sedentary life style, contrary to her own best interest, in the intervening eight years since the divorce."
The parties' daughter, Katherine Billingham, testified that she thought her mother's physical and mental problems were caused by her sedentary lifestyle, and that her mother would be "better off emotionally" if she got a job. However, the magistrate found that Mrs. Billingham "is not readily employable and cannot readily supplement her income by employment." There is evidence in the record to support the magistrate's finding.
At the time of the modification hearing, Mrs. Billingham was 60 years old. According to her testimony, she has never held a job outside the home except for some volunteer work she did at a hospital. She quit the volunteer work after she became confused one day while performing her duties. Mrs. Billingham has suffered from manic depression (bi-polar affective disorder) since her divorce in 1992, and has been hospitalized for two weeks in 1994 for that condition. She also suffers from diabetes, high blood pressure, and kidney problems. She currently takes medication for her depression, diabetes, and high blood pressure, and may have to undergo dialysis in the near future for her kidney problems. She developed a blind spot in one eye as a result of a stroke she suffered in the early years of her marriage, and has not driven since 1992. From this evidence, the trial court could reasonably find that Mrs. Billingham's employment prospects are not good.
While Mr. Billingham states in one part of his appellate brief that he "does not dispute appellee's claimed medical expenses," shortly thereafter, he notes that "[c]ertainly, no medical testimony corroborates appellee's claimed disabilities." To the extent Mr. Billingham is arguing that a medical diagnosis or expert medical testimony is necessary before a trial court may find that a party is disabled and unable to work for purposes of determining an appropriate spousal support award, this court has already rejected that argument. See Milam v. Milam (Oct. 19, 1994), Greene App. No. 94-CA-23, unreported. In Milam, this court held that a medical diagnosis is not necessary (and, standing alone, is not sufficient) to support a finding that a spouse is not able to work. Furthermore, it has been held that "[i]t is not necessary for a party to present expert medical testimony substantiating certain medical problems where the injured party testifies and is subject to thorough cross-examination." Gullia v. Gullia (1994), 93 Ohio App.3d 653, 662, citing Denney v. Denney (Jan. 25, 1985), Montgomery App. No. 8667, unreported. Here, Mrs. Billingham was subject to cross-examination by Mr. Billingham's attorney, and Mr. Billingham was free to obtain his own medical expert to disprove Mrs. Billingham's claims that she was unable to work.
Mr. Billingham argues that the trial court abused its discretion by not disallowing certain monthly expenses claimed by Mrs. Billingham in her affidavit of income, expenses, and financial disclosure. For instance, Mrs. Billingham estimated her so-called "Enrichment" expenses at $170 per month, which included $100 for entertainment, $50 for gifts, $10 for "lessons," and $10 for donations. Mr. Billingham contends that "such voluntary disbursements for personal pleasure are not appropriately considered in computing appellee's `needs'." We disagree.
One court has held that, under R.C. 3105.18, as amended effective January 1, 1991, the standard to be applied in determining whether an award of spousal support is warranted is not whether spousal support is necessary, but whether spousal support is "reasonable and appropriate."Griffin v. Griffin (Mar. 9, 1993), Franklin App. No. 92AP-1305, unreported; see, also Schultz v. Schultz (1996), 110 Ohio App.3d 715,724. Another court has rejected that approach, holding that "`[n]eed' is an essential element when determining whether spousal support is `appropriate and reasonable'." Carnahan v. Carnahan (1997),118 Ohio App.3d 393, 399. This court has noted that each of the factors listed in R.C. 3105.18(C)(1) relates, either directly or indirectly, to the obligee's spouse's need or the obligor's spouse's ability to pay,Seagraves v. Seagraves (Apr. 19, 1996), Montgomery App. No. 15588, unreported, and has held that a spousal support award must balance the obligee's need for support against the obligor's ability to pay.Tremaine, supra, at 707. As one commentator has noted:
 [s]trictly construed, R.C. 3105.18(C)(1) does not require a party seeking support to show that an award of support is necessary. Rather than narrowly focusing on the needs of the party seeking support, the statute directs the trial court to use the broader standard of whether support is reasonable and appropriate. Of course the needs of the party requesting support and the ability of the opposing party to pay remain important considerations. In fact, courts continue to give great weight to these two factors. [Footnote omitted.] As a practical matter, proving need and ability to pay is essential in most case. Sowald, Morganstern, Domestic Relations Law (1997) 539-540, Section 13.8.
 However, while need and ability to pay remain important considerations for determining what amount of spousal support is reasonable and appropriate, the term "need" is an elastic concept that differs from case to case, and that encompasses more than just ensuring that the obligee spouse has the basic necessities of food, clothing, and shelter. This is apparent from examining the factors that a trial court must consider in fashioning a spousal support award, which include the duration of the marriage, R.C. 3105.18(C)(1)(e), and the standard of living the parties established during their marriage. R.C. 3105.18(C)(1)(g).
Furthermore, as we noted in Seagraves, supra, spousal support is statutorily defined as "any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse." R.C. 3105.18(A) (emphasis added). We reject the notion that "sustenance," in this context, is limited to the essentials of life, e.g., food and shelter. "Sustenance" is the means to sustain something. In our view, the thing being sustained is the former spouse's standard of living during the marriage. The trial court must weigh the obligee spouse's need for assistance to sustain that standard of living against the obligor spouse's ability to pay.
In light of the foregoing, we conclude that Mrs. Billingham's monthly "enrichment" expenses of $170 are modest and reasonable, and in keeping with the standard of living the parties developed during their marriage. The same is true for her stated monthly expenses for transportation ($152); clothing ($100); home cleaning, maintenance, and repair ($45); and dry cleaning ($25).
Mr. Billingham also argues that the trial court failed to consider that many of his monthly expenses will continue even though his post-retirement income will only be one-half of what it has been in the several years preceding his retirement. However, most of Mr. Billingham's monthly expenses, including those for his residence, utilities, and food, are incurred, not only for himself, but also on behalf of his new wife and her two children. It is fair and reasonable to hold Mr. Billingham's new wife responsible for part of their living expenses. Consequently, it is "relevant and equitable" under the facts of this case to consider the income of Mr. Billingham's new spouse in assessing Mr. Billingham's ability to pay spousal support to Mrs. Billingham. See R.C. 3105.18(C)(1)(n); see, also, Roach v. Roach
(1989), 61 Ohio App.3d 315, 320. The combined annual income of Mr. Billingham and his new wife is approximately $83,000. Under these circumstances, we conclude that the trial court did not abuse its discretion in determining that Mr. Billingham had the ability to pay his former wife $1,000 per month in spousal support. Once Mrs. Billingham becomes eligible to receive Social Security benefits in September, 2001, Mr. Billingham will be entitled to file a new motion to modify his spousal support obligation.
Mr. Billingham's sole assignment of error is overruled.
 III
Mr. Billlingham's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ___________ Fain, J.,