OPINION *Page 2 
{¶ 1} Defendant-appellant, Donald E. Reeves, Sr. appeals an order of the Jefferson County Court of Common Pleas overruling his motion to modify spousal support.
 {¶ 2} Appellant and plaintiff-appellee, Mary E. Reeves, were married on October 17, 1975. They had one son together, Donald Eugene Reeves, Jr. (Donald Jr.). After twenty-seven years of marriage, the parties were divorced on January 17, 2003. According to the final decree of divorce, appellant, at that time, was residing with a twenty-five year old female "roommate/girlfriend." Appellee was residing with Donald Jr. who, by then, was an adult and employed. Appellee had argued that the income of appellant's female "roommate/girlfriend" should be attributed to him and appellant argued that the income of Donald Jr. should be attributed to her. The trial court rejected both of their arguments, reasoning that neither party was legally entitled to the income of the persons they were residing with. The trial court concluded that the case would be decided upon the assets and incomes of the parties alone.
 {¶ 3} Concerning the parties' incomes, appellee was receiving $802.00 per month in Social Security. The trial court determined that she had the ability to earn a part-time minimum wage of $5.15 per hour for a "total reasonably obtainable income" of $14,980.00 ($1248.33 per month). The trial court estimated appellant's "expected income" at $50,000.00 ($4166.67 per month) based on his employment at Wheeling-Pittsburgh Steel, including variable overtime, and his work as a referee.
 {¶ 4} The court awarded appellee $1,500 per month in spousal support. The court reasoned that many of the parties' expenses were either fully or partially under control of the parties. However, the court did find that one exception to the controllability issue was appellee's need for COBRA insurance at a monthly cost of $279.56 while appellant received his health benefits at no cost.
 {¶ 5} Appellant filed a motion for reconsideration/relief from judgment of the spousal support award arguing, in part, that the trial court had incorrectly determined his income. On May 16, 2003, the trial court modified the January 17, 2003 award, *Page 3 
noting that the spousal support award had been erroneously based on appellant's gross income rather than his net income. Accordingly, the court recalculated the monthly spousal support award to $834.17 per month (thirty percent of a $2780.57 per month net income).
 {¶ 6} On November 4, 2004, appellee filed a motion for contempt and to modify spousal support. Appellee alleged that appellant was in contempt of the trial court's May 16, 2003 order for failing to pay the $834.17 in spousal support for the month of October 2004. Appellee also asked for an increase in the spousal support award due to a change in circumstances. She maintained that appellant had since married his girlfriend and adopted her three year old son, Patrick, entitling him to her income and Social Security he received on behalf of Patrick. Appellant responded with a motion in opposition and a competing motion for a decrease in the spousal support award. He asserted that his second wife's income and Patrick's Social Security should not be attributed to him and that his income had decreased due to his retirement from Wheeling-Pittsburgh Steel. On January 7, 2005, the trial court denied both parties' motions for a modification of the spousal support award.
 {¶ 7} Later that year, on October 25, 2005, appellant filed a motion seeking a decrease in the spousal support award because his income had "decreased drastically." On December 5, 2005, appellee filed another motion for contempt. Appellee alleged that appellant was in contempt of the trial court's May 16, 2003 order for failing to pay the $834.17 in spousal support for the month of October 2005. Appellee followed that up with a motion to compel discovery seeking certain financial documents in order to ascertain his sources of income.
 {¶ 8} The trial court heard both motions on February 6, 2006. Appellant testified on his own behalf. Appellee testified on her own behalf and presented the testimony of an account clerk from the Jefferson County Job and Family Services concerning the missing October 2005 payment. The trial court's efforts to determine the matter were hampered by appellant's continued failure to provide the necessary financial documents. During the hearing, it was apparent that appellant believed it *Page 4 
was solely up to him to determine what income should be attributed to him. The court deferred ruling on the matter and ordered appellant to provide the requested financial documents and ordered both parties to thereafter file supplemental memoranda detailing their respective positions. Apparently, appellant relented and provided the requested documents, and both parties filed memoranda in support of their respective positions.
 {¶ 9} The evidence established that, in 2005, both parties received Social Security payments — appellant, $1,273.00 per month, and, appellee, $776.00 per month. For 2004, both parties also received pension payments from appellant's pension with the Wheeling Pittsburgh Steel Retirement Income Plan, serviced by the Pension Benefit Guaranty Corporation (PBGC). Appellant received $227.64 per month, appellee receives $204.34 per month.
 {¶ 10} At the time of the hearing, appellant testified that he was sixty-three years old. He also verified that after divorcing appellee, he remarried and adopted his new wife's three year old son, Patrick. Because of appellant's age, he receives a derivative Social Security check for Patrick of $835.00 per month. Appellant's second wife made $19,212.51 in 2004. In 2005, she made $48,368.88.
 {¶ 11} Evidence also established that Donald Jr. lives with a friend in Wintersville, Ohio. He stays at appellee's house about two nights a week to keep her company. He does receive mail at appellee's house for voting purposes and his mother's house is listed according to his driver's license. He gives appellee $240.00 a month for her car payments.
 {¶ 12} On March 10, 2006, the trial court overruled appellant's motion to modify spousal support because, rather than decreasing, appellant's household income had actually increased due to the Social Security benefits received by his son, Patrick, and the dramatic increase in the earnings of his second wife. The court noted that while it did not consider those earnings in the same light as if they were appellant's earnings, they were still a consideration. Citing Roach v. Roach (1989),61 Ohio App.3d 315, 572 N.E.2d 772. Lastly, the court granted appellee's motion for *Page 5 
contempt. This appeal followed.
 {¶ 13} Appellant raises three assignments of error, each addressed to that part of the trial court's decision denying his motion for modification of the spousal support ward. He does not assign as error that portion of the trial court's decision finding him in contempt for failing to pay the October 2005 spousal support. Appellant's assignments of error will be addressed out of order for ease of consideration.
 {¶ 14} Appellant's first assignment of error states:
 {¶ 15} "THE TRIAL COURT ERRED BY CONSIDERING DEFENDANT'S WIFE'S INCOME AND SON'S DISABILITY INCOME WHEN MODIFYING SPOUSAL SUPPORT."
 {¶ 16} When reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decision absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. Abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. In other words, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597. The appellate court should not independently review the weight of the evidence in the majority of cases but rather should be guided by the presumption that the trial court's findings are correct.Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
 {¶ 17} R.C. 3105.18(E) governs the modification of a spousal support award. "In order for a court to modify an award of spousal support set forth in a divorce decree, it must first have reserved jurisdiction to do so." Flauto v. Flauto, 7th Dist. No. 05 MA 100, 2006-Ohio-4909, at ¶ 11. In this case, the trial court clearly reserved jurisdiction and that fact is undisputed.
 {¶ 18} Next, a court must find that a change in circumstances for either party *Page 6 
has occurred. R.C. 3105.18(E). "The movant has the burden to establish that a substantial change in circumstances has occurred since the time of the trial court's original decision." Flauto, 2006-Ohio-4909, at ¶ 11, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215,515 N.E.2d 625. "Finally, the trial court must evaluate the appropriateness and reasonableness of the award." Id., citing Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878 at ¶ 7. See, also, R.C. 3105.18(C)(1).
 {¶ 19} Appellant argues that his wife's increase of income should not be considered in the modification. Appellant cites Carnahan v.Carnahan (1997), 118 Ohio App.3d 393, 397, 692 N.E.2d 1086, where the Twelfth District stated, "The remarriage of one who owes spousal support does not warrant a modification of the spousal support payments * * *." Id. at 398. Appellant contends that only his income should be considered in determining modifications to the spousal support.
 {¶ 20} However, in Carnahan the court went on to say "the second spouse's income can be considered when there is an allegation of a change in circumstances." Id at 398, citing Roach v. Roach (1989),61 Ohio App.3d 315, 320, 572 N.E.2d 772. In Roach, the husband's monthly income was $1,144. His second wife was earning $1,520 per month. The court found this to be a substantial change in circumstances that needed to be considered in calculating the modification.
 {¶ 21} Appellant's wife's annual monthly income combined with Patrick's Social Security checks equal $4,865.74. Appellant only gets $1,500.74 per month from his Social Security and pension. The difference in the monthly incomes in this case is much greater than the difference of the monthly incomes in Roach. Therefore, appellant's second wife's increased income and Patrick's Social Security checks, adding to the household income, are substantial changes to be considered when determining spousal support modifications.
 {¶ 22} In this case, appellant was the party who filed the motion seeking a decrease in the spousal support award because his income had "decreased drastically." As indicated above, the evidence adduced at the hearing did indeed *Page 7 
demonstrate a change of circumstances. However, not one to justify a decrease. Appellant's household income actually increased over $2000.00 from the original granting of the divorce. As can be seen by case law, household income can be considered in determining whether a modification is justified. Therefore, it certainly cannot be said that the trial court abused its discretion by declining to modify the spousal support award based on an increase in appellant's household income.
 {¶ 23} Accordingly, appellant's first assignment of error is without merit.
 {¶ 24} Appellant's third assignment of error states:
 {¶ 25} "THE TRIAL COURT ERRED WHEN THEY TOOK DEFENDANT'S WIFE'S INCOME AND SON'S DISABILITY INCOME INTO CONSIDERATION AND NOT PLAINTIFF'S SON WHO RESIDES WITH HER."
 {¶ 26} Appellant claims that Donald Jr. lives with appellee and contributes a substantial amount of income to support appellee. Appellant argues that if it was proper to consider his second wife's income and Patrick's Social Security checks in determining his spousal support modification, then the court should have also considered Donald Jr.'s income.
 {¶ 27} Donald Jr. is the adult son of appellant and appellee. He lives with a friend. Two nights a week, he stays at appellee's house to visit and keep her company. He is currently trying to move out of his friend's house and get a place of his own.
 {¶ 28} Donald Jr. gives appellee $240 per month which is used for half of appellee's car payments. Occasionally, he will give appellee $25 or $50. Sometimes, he will pick up appellee's medications and pay for them. He makes over $40,000 a year. He is under no obligation to assist appellee. Donald Jr. is an independent adult who has been assisting his mother and receives a benefit from his occasional stays with his mother.
 {¶ 29} The amount of money appellee receives from Donald Jr. is far less substantial than the amount of money appellant's second wife and Patrick's Social Security checks contribute to appellant's household income. Appellee receives *Page 8 
$1,814.41 a month from her Social Security, pension, and the spousal support she receives. Donald Jr. contributes an additional $240 a month to help appellee with her car payments. Appellant receives $1,500.64 a month from his Social Security and pension. Appellant's second wife's monthly income and Patrick's Social Security checks contribute $4,865.74 a month to appellant's household income. The additional contributions to appellant's household income are more than twice what appellant receives from his Social Security and pension. Appellant's second wife's income and Patrick's Social Security checks are far more substantial contributions than Donald Jr.'s contributions.
 {¶ 30} Because Donald Jr. was under no obligation to give assistance to appellee and because his contributions to appellee were not substantial contributions to appellee's income, the trial court did not abuse its discretion when it did not attribute Donald Jr.'s contributions to appellee's income in regards to modifying spousal support.
 {¶ 31} Accordingly, appellant's third assignment of error is without merit.
 {¶ 32} Appellant's second assignment of error states:
 {¶ 33} "THE TRIAL COURT ERRED BY NOT CONSIDERING A TRUE EQUALIZATION OF INCOME OF THE PARTIES ONLY."
 {¶ 34} Appellant argues that both he and appellee should be receiving equal incomes. Appellant believes that the amount he receives a month from his Social Security and his pension should be equal to what appellee receives from her Social Security, pension, and her spousal support. Appellant receives $1,500.64 a month from his Social Security and pension. Appellee receives $1,814.51 a month from her Social Security, pension, and spousal support. Appellant contends that he should be paying $260.15 a month in spousal support as opposed to the $834.31 a month he is currently paying, so appellant and appellee will be receiving equal amounts.
 {¶ 35} Appellant cites Bingham v. Bingham (1983), 9 Ohio App.3d 191,193, 459 N.E.2d 231, where the court stated that to modify an order, there must have been a change in circumstances since the order was issued. As already addressed *Page 9 
in appellant's first assignment of error, appellant's second wife's dramatic increase in yearly income is a change in circumstances which the court may consider in consideration of a modification of spousal support. As already addressed, the court did not abuse its discretion when it did not consider Donald Jr. paying half of appellee's car payments.
 {¶ 36} R.C. 3105.18(C)(1) states, in relevant part:
 {¶ 37} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 38} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 39} "* * *
 {¶ 40} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 41} In this case, the trial court did consider the income of the parties from the sources of Social Security, pensions, and spousal support. The only other factors the court found relevant and equitable were appellant's second wife's income, increase of household income, and Patrick's Social Security checks. The trial court did not attribute Donald Jr.'s contributions to pay half of appellee's monthly car payments to her income. The trial court was within its discretion when making its considerations. When considering the income of the parties, and the other factors the court found relevant and equitable, appellant has a substantially higher household income than appellee. Even if the trial court also considered Donald Jr.'s contributions to appellee's household income, appellant's household income is still substantially higher. Therefore, the trial court did not abuse its discretion by not considering a true equalization of the parties based only on their incomes. The trial court's decision regarding the modification to spousal support was not unreasonable, *Page 10 
arbitrary, or unconscionable.
 {¶ 42} Accordingly, appellant's second assignment of error is without merit.
 {¶ 43} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1