[Cite as *Iacona v. Iacona*, 2021-Ohio-4616.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| EUGENE J. IACONA,<br><br>        Plaintiff-Appellant,<br><br>- v -<br><br>SUSAN G. IACONA,<br><br>        Defendant-Appellee. | CASE NO.  2020-G-0270<br><br>Domestic Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2015 D 000995 |

---

**O P I N I O N**

Decided: December 30, 2021
Judgment: Affirmed

---

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH  44077 (For Plaintiff-Appellant).

*Darya Jeffreys Klammer*, The Klammer Law Office, Ltd., 7482 Center Street, Unit 6, Mentor, OH  44060 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Eugene J. Iacona, appeals from the October 19, 2020 judgment of the Geauga County Court of Common Pleas, denying his motion to modify spousal support and ordering him to pay attorney fees and court costs.  For the reasons set forth herein, the judgment is affirmed.

{¶2}    Appellant and appellee, Susan G. Iacona, divorced on March 16, 2017 after 28 years of marriage.  During the course of the marriage, appellant had worked his way up to a managerial position at the United Parcel Service (UPS), while appellee had

worked in the home, in the cafeteria at her children's school, and occasionally for a caterer. Appellant earned over $100,000 per year at the time of divorce, while appellee, who had primarily worked in the home, had significantly less earning potential due to less job experience and on-the-job training and skills.

{¶3} As a result, appellant was to pay appellee spousal support in the amount of $3,250 per month terminating upon the death of either party, or appellee's remarriage or cohabitation with another. Otherwise, the term for payment of spousal support was indefinite, but could be modified for "good cause shown."

{¶4} In May 2018, appellant retired from UPS at the age of 55 with full benefits. Pursuant to the terms of divorce, appellant and appellee split the UPS stock, each receiving $156,000, and the 401(k), from which appellant received $206,000 and appellee received $271,382. In addition, each party receives a pension check from UPS: Appellant in the net amount of $2,446.21 and appellee $1,459.36. Following his retirement, appellant moved to modify spousal support. Appellant testified that for over 20 years he intended to retire from UPS at the earliest eligibility, age 55. He works with his brother's company, ICON Home Inspection, but testified that he had zero income from it for 2017 through 2019, and that it was nothing more than a hobby to keep him busy. Appellee argues that there is no income from ICON as he has allowed the earnings to remain with the company to benefit his brother and nephew. Appellee also argues that appellant has income from consulting, in addition to the substantial income from appellant's current wife.

{¶5} The court adopted the Magistrate's decision over appellant's objections in October 2020. Specifically, it found his retirement to be early and voluntary. As such, it considered whether appellant demonstrated he had a sound economic reason for retiring.

2

It determined he did not, and instead determined that appellant's retirement was "largely motivated to defeat [his] spousal support expectations. It is from that decision that appellant now appeals, assigning two errors for our review. His first states:

{¶6} The trial court committed prejudicial error in denying Plaintiff-Appellant's motion to modify spousal support based upon the trial court deciding that Plaintiff-Appellant retired early.

{¶7} An appellate court reviews a trial court's decision regarding spousal support for abuse of discretion. *Shorts v. Shorts*, 11th Dist. Portage No. 2007-P-0067, 2008-Ohio-2317, ¶13. "[T]he term 'abuse of discretion' is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record." *Id.,* citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶8} "The trial court engages in a two-step analysis when determining whether to modify an award of spousal support. First, the court must determine whether the circumstances of either party have changed, which includes, inter alia, 'any increase or **involuntary decrease** in the party's wages, salary, bonuses, living expenses, or medical expenses.'" (Emphasis added). *Dilley v. Dilley*, 11th Dist. Geauga No. 2019-G-0207, 2020-Ohio-984, ¶10, quoting R.C. 3105.18(F)(1). The "'trial court must find a substantial change in circumstances before modifying a prior order for spousal support.'" *Dilley, supra,* quoting *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph one of the syllabus. A "substantial" change is one that is drastic, material, or significant. *Id.* at ¶32.

{¶9} "Under Ohio law, '[a]n early retirement can be considered an involuntary decrease in a person's salary where the party demonstrates that it was economically sound to take an early retirement.'" *Ogle v. Ogle*, 10th Dist. Franklin No. 17AP-560, 2018-

3

Ohio-5141, ¶22, quoting *Tissue v. Tissue*, 8th Dist. Cuyahoga No. 83708, 2004-Ohio-5968, ¶21, citing *Roach v. Roach*, 61 Ohio App.3d 315, 319 (8th Dist.1989). "By contrast, 'if a party retires with the intent of defeating the spousal support obligation, the retirement is considered "voluntary underemployment," and the party's pre-retirement income is attributed to that party.'" *Ogle, supra,* quoting *Friesen v. Friesen*, 10th Dist. Franklin No. 07AP-110, 2008-Ohio-952, ¶42. "If the evidence does not demonstrate 'a purpose to escape an obligation of spousal support and the decision appears reasonable under the circumstances, then the trial court should not impute additional income to the retired party.'" *Ogle, supra*, quoting *Chepp v. Chepp*, 2d Dist. Clark No. 2008 CA 98, 2009-Ohio-6388, ¶11.

{¶10} "'[O]nce a court has found that a substantial change in circumstances has occurred, it must consider whether the existing spousal support order should be modified. This requires a court to examine the existing award to determine if it is still appropriate and reasonable.'" *Dilley, supra,* at ¶11, quoting *Haun v. Haun*, 11th Dist. Portage No. 2018-P-0108, 2019-Ohio-5408, ¶30.

{¶11} Appellant's main contention under his first assignment of error is that the court erred in determining he retired early and thus the court should not have engaged in discussion of whether his retirement was economically sound. He argues in the alternative, that even if appellant did voluntarily under-employ himself, it was a substantial change in circumstances that was not taken into account by the parties or the court when the spousal support was initially established. Appellant also notes that appellee testified it would be appropriate for her spousal support award to be reduced by the amount she was receiving from appellant's pension.

4

{¶12} Though appellant retired when he was entitled to full benefits under his pension plan, he voluntarily retired, in good health, at the age of 55 from a job paying in excess of $100,000 annually, and reducing his income to $32,290.92 annually, only "because he could." Given our deferential standard of review, we cannot agree the trial court abused its discretion in determining appellant retired early, thus constituting a voluntary decrease in wages in an attempt to defeat his spousal support obligations.

{¶13} Appellant also argues that his retirement was not taken into account by the parties at the time the spousal support order was put in place. We need not consider this question, however, as appellant has failed to meet the first prong of the analysis, and on this basis alone, appellant's argument fails.

{¶14} Finally, appellant argues that the court erroneously found that appellee received no assistance with household expenses when the parties' adult daughter lives with appellee and earns approximately $1,200 per month. The court's findings, however, were wholly supported by the record, which showed that the parties' daughter suffers from epilepsy, which limits her employment opportunities. Appellee testified that her daughter does not contribute to her household expenses and has substantial medical expenses. There is no evidence to the contrary in the record.

{¶15} In light of the foregoing, we conclude the trial court did not err in imputing appellant's prior salary to him for purposes of determining spousal support and denying his motion to modify. Appellant's first assignment of error is without merit.

{¶16} His second states:

{¶17} The trial court committed prejudicial error by ordering Plaintiff-Appellant to pay attorney fees and expenses in the amount of $4,982.00 within six months of judgment as well as pay court costs.

5

{¶18} The decision whether to award attorney fees to a party is within the trial court's sound discretion. *Dilley v. Dilley* ("*Dilley II*"), 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093, ¶86, citing *Rand v. Rand,* 18 Ohio St.3d 356, 359 (1985). "Pursuant to R.C. 3105.73(A), '[i]n an action for divorce * * * or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.'" *Dilley II, supra.*

{¶19} Appellant's primary contention under his second assignment of error is based on his assertion that his motion to modify should have been granted. As we have rejected this argument under his first assignment of error, we find no merit as to the award of attorney fees on these grounds. Additionally, appellant's argument that there was no evidence before the court as to the amount of attorney fees owed is without merit as appellee's motion for attorney fees included an affidavit and itemized fee bill.

{¶20} Accordingly, appellant's second assignment of error is without merit.

{¶21} In light of the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

Case No. 2020-G-0270