[Cite as *Dilley v. Dilley*, 2013-Ohio-994.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM DILLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-G-3091** |
| TATIANA DILLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 08 DC 000591.

Judgment: Affirmed.

*Joyce E. Barrett*, 800 Standard Building, 1370 Ontario Street, Cleveland, OH 44113-1752 (For Plaintiff-Appellant).

*Heidi M. Cisan*, Thrasher, Dinsmore & Dolan Co., L.P.A., 100 Seventh Avenue, Suite 150, Chardon, OH 44024-1079 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, William Dilley, appeals the judgment of the Geauga County Court of Common Pleas awarding half of a retirement plan to appellee, Tatiana Dilley, as spousal support and awarding appellee a greater award of marital assets based on a finding of appellant's financial misconduct. Based on the following, we affirm.

{¶2} The trial court entered its final judgment of divorce on March 10, 2010.[1] In *Dilley v. Dilley*, this court reversed, in part, the judgment of the trial court and remanded the matter to the trial court. *Id.* at ¶91. Upon remand, we instructed the trial court as follows:

{¶3} [T]he trial court should clarify whether the Shearson plan was awarded to appellee as spousal support or as a division of marital property. If it was awarded as marital property, there must be some present value attributed to this asset. The trial court is further ordered to dispose of the marital home. With respect to the distributive award, the trial court should determine whether such an award is appropriate based on the valuation of appellant's separate property. If such an award is inappropriate, then the trial court should decide if it needs to give further consideration to a division of the marital assets. *Id.*

{¶4} On remand, the parties briefed the issues and, through counsel, reached, inter alia, the following stipulations:

{¶5} "1. The value of the Shearson retirement plan is $181,446.

{¶6} "2. The parties agree that [appellant] should be awarded the former marital home and that [appellee] will execute a quit-claim deed with regard to the property."

{¶7} The magistrate then found that the following two issues remained:

{¶8} 1. Whether [appellant's] share of the Shearson retirement plan that was awarded to Mrs. Dilley was spousal support or property

1. For a complete factual history, see this court's opinion in *Dilley v. Dilley*, 11th Dist. No. 2010-G-2957, 2011-Ohio-2093.

division, and if it was awarded as property division, what the present value of the plan was as of the date of trial.

{¶9} 2. Whether the distributive award to [appellee] was appropriate, given the value of the husband's separate assets, and if not, whether the trial court should reexamine the division of marital assets.

{¶10} The magistrate determined that the entire Shearson Plan was awarded to appellee; one-half of the income stream from the Plan, $486.70, was appellee's share as a marital asset, and the other half of the income stream was awarded as spousal support. The magistrate further decided, "the distributive award of $20,000 to [appellee] was not appropriate given the value of [appellant's] separate assets, however the Court should reexamine the division of marital assets, and give [appellee] $20,000 in additional marital funds from the Citigroup plan after payment by [appellant] of any taxes thereon."

{¶11} Appellant filed timely objections. The trial court, however, affirmed the decision of the magistrate. The trial court noted the Shearson Plan, which was in payout status, was awarded to appellee in the nature of property division and spousal support. With respect to the $20,000 award to appellee from the Citigroup plan, the trial court found:

{¶12} [T]he distributive award of $20,000 to [appellee] to compensate her for [appellant's] financial misconduct during the divorce, was not appropriate given the value of [appellant's] separate property. After re-examining the division of marital property, the Court hereby

3

awards [appellee] $20,000 in additional marital funds from the Citigroup plan after payment by [appellant] of any taxes thereon.

**{¶13}** Appellant filed a timely appeal and asserts two assignments of error. As his first assignment of error, appellant alleges:

**{¶14}** "The trial court erred and abused its discretion in awarding the entire Shearson Plan with a present value of $181,746 to the appellee as spousal support."

**{¶15}** Preliminarily, we note the trial court did not award the entire Shearson Plan to appellee as spousal support, but awarded one-half of the income stream to appellee as marital property and the other half of the income stream as spousal support.

**{¶16}** On appeal, we determined the trial court had properly reviewed all of the statutory factors in awarding appellee "at least $2,000 per month" in spousal support beginning December 1, 2009, for eight years and three months. *Id.* at ¶42-65. We observed, however, that based upon the magistrate's decision, we were unable to determine whether the Shearson Plan was awarded as spousal support or as a division of marital property. *Id.* at ¶25. Upon remand, the parties stipulated to the value of the plan. The trial court then clarified that in addition to the $2,000 spousal support award, one-half of the income stream of the Shearson Plan was awarded to appellee as additional spousal support.

**{¶17}** The trial court did not err in first dividing the marital asset equally and then making an award of spousal support. *See* R.C. 3105.171(C)(1) & (C)(3).

**{¶18}** Appellant's first assignment of error is without merit.

**{¶19}** As his second assignment of error, appellant alleges:

4

**{¶20}** "The trial court erred and abused its discretion in awarding the appellee an additional $20,000 from the appellant's share of the Citigroup retirement benefit."

**{¶21}** On appeal, appellant does not allege error in the trial court's finding that he engaged in financial misconduct. Instead, appellant argues the trial court erred in awarding $20,000 of the Citigroup retirement benefit, as the trial court had originally divided this plan equally between the parties.

**{¶22}** In *Dilley*, we recognized the trial court found that appellant engaged in financial misconduct. *Id.* at ¶30. In discussing its decision to make a distributive award, the magistrate stated:

**{¶23}** [Appellant's] excessive spending after the parties separated is financial misconduct. He spent extravagant amounts on himself for clothing, jewelry, restaurants, fitness clubs and dance lessons instead of spending it for [its] intended use (mortgage, car payments). He entered into an expensive lease/option to buy when the parties could not afford it. The repossession of [appellee's] vehicle in October, 2008 is the direct result of Husband's failure to pay her support.

**{¶24}** We also stated in *Dilley*, *supra*:

**{¶25}** [A] trial court may also consider whether one party had engaged in financial misconduct in determining whether an equal division of the marital assets would be inequitable. When a finding of financial misconduct has been made and there is no separate property, the proper remedy is not to compensate the offended spouse with a

5

distributive award but to compensate the offended spouse with a greater award of marital property. *Id.* at ¶35, citing R.C. 3105.171(E)(4).

{¶26} On remand, although the trial court determined that appellant did not have separate property from which to compensate appellee for his financial misconduct, it awarded appellee—the offended spouse—a greater award of marital assets, i.e, the Citigroup retirement benefit. Based on the foregoing, it was not error for the trial court to award appellee a greater share of the marital assets based on a finding of appellant's financial misconduct.

{¶27} Appellant's second assignment of error is without merit.

{¶28} The judgment of the Geauga County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.