[Cite as *Dilley v. Dilley*, 2013-Ohio-4095.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM DILLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-G-3109** |
| TATIANA DILLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 08 DC 000591.

Judgment: Affirmed.

*Joyce E. Barrett* and *James P. Reddy, Jr.*, 800 Standard Building, 1370 Ontario Street, Cleveland, OH 44113-1752 (For Plaintiff-Appellant).

*Heidi M. Cisan*, Thrasher, Dinsmore & Dolan Co., L.P.A., 100 Seventh Avenue, Suite 150, Chardon, OH 44024-1079 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, William Dilley, appeals the judgment of the Geauga County Court of Common Pleas finding him in contempt for his failure to pay spousal support, denying his motion to modify spousal support, and denying his motion to grant a continuance because he was incarcerated at the time of the hearing on the spousal support modification and contempt hearing. For the following reasons, we affirm the trial court's judgment.

{¶2}    The trial court entered its final judgment of divorce on March 10, 2010.[1] Pursuant to the court's entry, appellant was to pay $2,000 per month spousal support. Appellant was found guilty of contempt for failing to pay spousal support, but was provided the opportunity to purge.

{¶3}    Thereafter, appellant filed a motion to modify/terminate spousal support. Appellee filed a motion to impose sentence. Appellee's motion to impose was set for hearing on November 21, 2011, but it was later continued because appellant was not properly served. The hearing was continued to February 14, 2012, the same day the hearing was set on the motion to modify spousal support. One day prior to the hearing, appellant filed a motion to continue both hearings, stating that he was incarcerated and unable to appear for the hearings. The hearings were rescheduled for May 3, 2012.

{¶4}    Appellee then filed an additional motion to show cause based upon appellant's continued failure to make spousal support payments. The hearing on this show cause motion was also scheduled to take place on May 3, 2012.

{¶5}    On April 30, 2012, appellant filed a motion to continue the hearings set for May 3, 2012, again stating his unavailability due to his incarceration. The trial court denied appellant's motion. Because appellee withdrew her motion to impose sentence, as appellant was currently incarcerated, the hearing went forward on appellant's motion to modify/terminate spousal support and appellee's motion to show cause.

{¶6}    At the hearing, the parties stipulated to the payment history from Geauga County Child Support Enforcement Division ("CSED"). Testimony was elicited that prior to being incarcerated, appellant received monthly income from Social Security and

---

1. For a complete factual history, see this court's opinion in *Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093. *See also Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3091, 2013-Ohio-994.

Veteran's Disability; however, due to his incarceration, appellant no longer receives Social Security and his Veteran's Disability was reduced to $100.

{¶7} In its judgment entry, the trial court overruled appellant's motion to modify/terminate spousal support, stating that appellant's incarceration due to criminal activity does not, alone, represent a change of circumstances. The trial court also found appellant in contempt for failing to make spousal support payments. The trial court focused its analysis on the 15-month period prior to appellant's incarceration. The trial court reasoned that although appellant was receiving monthly income, to wit: $2,060 from Social Security and $1,400 from Veteran's Disability, he did not pay court-ordered spousal support.

{¶8} The trial court sentenced appellant to 60 days in jail. Appellant was given the opportunity to purge provided he pay appellee's attorney fees in the amount of $1,092 on or before March 1, 2013.

{¶9} Appellant filed a notice of appeal and asserts the following assigned errors:

> [1.] The trial court erred and abused its discretion in not granting appellant a continuance of the hearing due to his incarceration.
>
> [2.] The trial court erred and abused its discretion in finding appellant in contempt for his failure to pay spousal support.
>
> [3.] The trial court erred and abused its discretion in denying appellant's Motion to Modify Spousal Support.
>
> [4.] The trial court's purge order was an abuse of discretion.

{¶10} For ease of discussion, we address appellant's assigned errors out of numerical order. We first address the trial court's denial of appellant's motion to modify/terminate spousal support. Preliminarily, we note appellant's motion for

3

modification/termination of spousal support was properly before the court for consideration because the trial court specifically retained jurisdiction to modify or terminate the spousal support amount. *See* R.C. 3105.18(E)(1).

**{¶11}** The trial court engages in a two-step analysis when determining whether to modify an award of spousal support. First, the court must determine whether "the circumstances of either party have changed, which includes, inter alia, 'any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.'" R.C. 3105.18(F). Second, if the trial court finds a change of circumstances, it must determine whether the existing spousal support should be modified. *Kucmanic v. Kucmanic*, 119 Ohio App.3d 609, 613 (1997).

**{¶12}** The trial courts are granted broad discretion concerning awards of spousal support. Their orders will not be disturbed on appeal absent an abuse of that discretion.

**{¶13}** Here, in finding no change of circumstances, the trial court focused its analysis on the 15 months prior to appellant's incarceration. During that time, despite his monthly income from Social Security and Veteran's Disability, appellant failed to pay his obligation of spousal support. The court also observed that even if appellant could not make the entire monthly payment, he could have made a good faith effort by paying a lesser sum. Moreover, the trial court observed that appellant's incarceration is due to his criminal conduct. Ohio courts have repeatedly held that criminal conduct is considered voluntary for purposes of examining its effect on the rights to modification of support obligations. *Cole v. Cole*, 70 Ohio App.3d 188, 191-193 (1990).

**{¶14}** We do not find merit in appellant's third assignment of error.

4

{¶15} Under his first assignment of error, appellant argues that it was error for the trial court to deny his motion to continue the hearing.

{¶16} Appellant first argues that although he received the statutory notice pursuant to R.C. 2705.31, the trial court abused its discretion by denying his motion to continue the hearing, as appellant was incarcerated and unable to defend himself. We disagree.

{¶17} The Ohio Supreme Court has held that "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981).

{¶18} In his brief, appellant claims, without citing to any authority, that the trial court has no procedure for transporting inmates to hearings and has no electronic means to make a remote appearance. The record, however, demonstrates that appellant neither requested transportation to the hearing nor did he request to attend the hearing by electronic means. Appellant was aware in February 2012 that this hearing was scheduled for May 3, 2012; however, it was not until April 30, 2012—three days before the hearing—that appellant requested a continuance. At the hearing, appellant was represented by counsel.

{¶19} We cannot say the trial court abused its discretion in failing to continue the hearing. As evidenced by the record, appellant was served the required notice of the hearing, yet he failed to request transportation to the hearing and failed to request attendance via electronic means.

{¶20} We do not find merit in appellant's first assignment of error.

{¶21} Under his second assignment of error, appellant argues the trial court abused its discretion in finding appellant guilty of contempt for failure to pay spousal support.

{¶22} At the outset, we recognize that "[c]ontempt is a disregard of, or disobedience to, an order or command of judicial authority." *First Bank of Marietta v. Mascrete, Inc.*, 125 Ohio App.3d 257, 263 (1998). The contempt process was created "to uphold and ensure the effective administration of justice[,] * * * to secure the dignity of the court[,] and to affirm the supremacy of law." *Cramer v. Petrie*, 70 Ohio St.3d 131, 133 (1994).

{¶23} "[T]he burden of proof for civil contempt is clear and convincing evidence." *Delawder v. Dodson*, 4th Dist. Lawrence No. 02CA27, 2003-Ohio-2092, ¶10. (Citation omitted.) Before the imposition of a sentence for civil contempt, the trial court must afford the contemnor an opportunity to purge himself of the contempt. *Id.* (citation omitted). "The contemnor is said to carry the keys of his prison in his own pocket since he will be freed if he agrees to do as so ordered." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). Failure to pay court-ordered child support and alimony constitutes civil contempt. R.C. 2705.031; *Herold v. Herold*, 10th Dist. Franklin No. 04AP-206, 2004-Ohio-6727, ¶25.

{¶24} An appellate court will not overturn a trial court's finding of contempt absent an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

6

{¶25} An individual charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order. *State v. Cook*, 66 Ohio St. 566 (1902). In *Cook*, the Ohio Supreme Court held:

{¶26} "In a proceeding in contempt against a party who has refused to comply with a money decree for alimony, it is not essential that the complaint allege that the party is able to pay the money. The decree imports a finding of the court that he is able to pay, and the burden is on him, by allegation and proof, to establish his inability." *Id.* at paragraph one of the syllabus.

{¶27} Appellant maintains that he is unable to pay the alimony, citing to his current incarceration and lack of any income. Appellant's argument is flawed, however, because in finding appellant guilty of contempt, the trial court considered *only* the 15-month time period *prior* to his incarceration.

{¶28} In its judgment entry, the trial court found appellant guilty of contempt by considering the period from January 30, 2011—the last time appellant had been found in contempt—until his incarceration in April 2012—before appellant's benefits were impacted by his incarceration. During this time period, the record demonstrates that appellant was receiving approximately $3,500 each month from Social Security and Veteran's Disability benefits. Despite receiving these monthly benefits, appellant did not make *any* payments to appellee during the 15 months *prior* to his incarceration; appellant failed to present any documentation to support his inability to pay the arrearages. The trial court also reasoned that no evidence was presented to demonstrate that *prior* to his incarceration, appellant was unable to be gainfully employed.

7

{¶29} We cannot say the trial court abused its discretion in finding that appellant failed to meet his burden of proof to establish his inability to pay.

{¶30} Under his fourth assignment of error, appellant claims the purge order to pay appellee the sum of $1,092 for her attorney fees is an abuse of discretion, as appellant has no funds to pay said amount due to his incarceration.

{¶31} Because appellant failed to comply with the court order to pay spousal support, the trial court found him in contempt. R.C. 3105.18(G) requires the trial court to "require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt." This court has upheld the imposition of attorney fees as a condition of purging contempt. *Bradenburg v. Bradenburg*, 11th Dist. Lake No. 2004-Ohio-085, 2005-Ohio-6417, ¶10-11 ("If it is permissible to make the payment of attorney fees a condition of the purge, then it logically follows that failure to pay the attorney fees must result in imposition of the contempt penalty, even if that includes a jail sentence.").

{¶32} Appellant's fourth assignment of error is without merit.

{¶33} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.