[Cite as *Dilley v. Dilley*, 2017-Ohio-4046.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM DILLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-G-0078** |
| TATIANA DILLEY, | : | |
| Defendant-Appellee. | : | |

Civil appeal from the Geauga County Court of Common Pleas.
Case No. 08 DC 000591.

Judgment: Affirmed.

*William Dilley,* pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Heidi M. Cisan,* Thrasher, Dinsmore & Dolan Co., L.P.A., 100 Seventh Avenue, Suite 150, Chardon, OH 44024-1079 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, William Dilley, appeals from the May 27, 2016 judgment of the Geauga County Court of Common Pleas, approving appellee, Tatiana Dilley's, proposed qualified domestic relations orders ("QDRO") filed May 13, 2016. For the following reasons, the trial court's judgment is affirmed.

{¶2} Appellant filed for divorce in May 2008. On March 10, 2010, the trial court entered a final judgment of divorce. The matter has been subject to numerous appeals

and post-decree motions. *See Dilley v. Dilley*, 11th Dist. Geauga No. 2014-G-3227, 2015-Ohio-1872; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3109, 2013-Ohio-4095; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3091, 2013-Ohio-994; *Dilley v. Dilley*, 11th Dist. Geauga No. 2011-G-3030, 2011-Ohio-5863. *See Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093.

{¶3} The issues presented in the current appeal originated with the trial court's September 26, 2014 judgment entry, adopting the magistrate's June 9, 2014 decision, which addressed multiple pending motions. Appellant appealed from the September 26, 2014 judgment, which this court affirmed in *Dilley*, 2015-Ohio-1872*, supra.*

{¶4} Part of the September 26, 2014 judgment entry ordered appellee to file proposed QDROs, ordering payment of the following: (1) $19,243.59 owed to appellee from the Citigroup Cash Balance Plan; (2) the spousal support arrearage due and owing through September 26, 2014, according to Geauga County Child Support Enforcement Division; (3) $9,167.92 in prior unpaid attorney's fees; (4) $1,302 in attorney's fees for the Motion to Show Cause filed June 10, 2013; and (5) 100% of the balance of the Citigroup 401(k) account, half of which was previously awarded to appellee. The remaining half was to be credited toward appellant's obligations as set forth herein.

{¶5} On October 23, 2015, appellee submitted three proposed QDROs awarding her (1) 100% of appellant's interest in the Citigroup 401(k) plan; (2) 100% of appellant's interest in the Citigroup Pension Plan Shearson Benefit; and (3) 100% of appellant's interest in the Citigroup Pension Plan Account-Based Benefit. Appellant objected on November 3, 2015.

**{¶6}** On November 24, 2015, the trial court approved the QDRO awarding appellee 100% of appellant's interest in the Citigroup 401(k) plan and ordered that it should be executed. The court was unable to determine whether the remaining QDROs complied with its September 26, 2014 judgment entry and ordered the parties to submit information relevant to that issue. Appellant filed a brief in support of his position with the trial court on December 1, 2015. On May 13, 2016, appellee filed her response and submitted two QDROs. On May 20, 2016, appellant filed a reply to appellee's response and also a motion to modify spousal support.

**{¶7}** On May 27, 2016, the trial court entered judgment, approving appellee's proposed QDROs filed May 13, 2016. Appellant filed a timely notice of appeal from that judgment.

**{¶8}** On appeal, appellant asserts four assignments of error:

> [1.] The trial court erred and abused its discretion in ordering a 100% garnishment of the Appellant's Social Security benefits, Shearson Pension Plan, Citi Pension Plan, and 401K Plan in violation of the Federal Consumer Credit Protection Act and State law; and against the manifest weight of the evidence.

> [2.] The Trial Court erred and abused the discretion by not hearing argument's [sic] or granting a hearing in Appellant's Motion to Modify Spousal Support as there was pertinent or relative evidence, fact and law on behalf of the Appellant.

> [3.] The trial court erred and abused its discretion by finding an arrearages of $102,000 when there was no evidence presented or otherwise in the record upon which to base such a decision, and by ordering the Appellant to pay arrearage by full garnishment of the Appellant's Citi Pension Plan in addition to other substantial monthly spousal support payments; and is against the manifest weight of the evidence.

> [4.] The Trial Court erred and abused its discretion by not granting Appellant's Motion for Modification of Spousal Support despite the

3

manifest weight of the evidence, fact and law supporting a modification reducing or vacating spousal support.

{¶9} Appellee did not file an appellate brief.

{¶10} The arguments appellant presents under his assignments of error do not pertain to the trial court's May 27, 2016 judgment and, instead, raise issues that have been decided by the trial court in previous judgments. In his first assignment of error, appellant takes issue with the trial court's determination of spousal support and arrearages, which were determined in previous judgment entries. In his second and fourth assignments of error, appellant appears to raise issues regarding a July 2, 2013 motion to modify spousal support, which the trial court denied in its September 26, 2014 judgment entry. In his third assignment of error, appellant takes issue with the amount of arrearages the trial court found in its September 26, 2014 judgment entry.

{¶11} All of these arguments are barred by the doctrine of res judicata.

{¶12} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata prevents "relitigation of issues already decided by a court or matters that should have been brought as part of a previous action." *Lasko v. General Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶16. Because the issues appellant now raises on appeal could have been raised or were raised in previous appeals and affirmed, he is barred from presenting those arguments in the present appeal from the trial court's May 27, 2016 judgment.

4

{¶13} Appellant contends that his arguments are not barred by res judicata; however, he has not cited to any relevant law in support of his position. *See* App.R. 16(A)(7); *see also Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶14, citing App.R. 16(A)(7) ("[T]he brief of an appellant must contain argument and law, with citations to the authorities, statutes, and parts of the record on which the appellant relies.").

{¶14} Appellant's assignments of error are without merit.

{¶15} The judgment of the Geauga County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.