[Cite as *Dilley v. Dilley*, 2017-Ohio-8439.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM DILLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-G-0115** |
| TATIANA DILLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 08 DC 000591.

Judgment: Affirmed.

*William Dilley*, pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Heidi Cisan*, Thrasher, Dinsmore & Dolan Co., L.P.A., 100 Seventh Avenue, Suite 150, Chardon, OH 44024-1079 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} Appellant, William Dilley, appeals from the March 15, 2017 judgment of the Geauga County Court of Common Pleas. For the following reasons, the trial court's judgment is affirmed.

{¶2} Appellant filed for divorce in May 2008. The trial court entered a final judgment of divorce on March 10, 2010. Since the entry of the final judgment of divorce, the matter has been subject to numerous post-decree motions and appeals.

*See Dilley v. Dilley*, 11th Dist. Geauga No. 2016-G-0078, 2017-Ohio-4046; *Dilley v. Dilley*, 11th Dist. Geauga No. 2014-G-3227, 2015-Ohio-1872; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3109, 2013-Ohio-4095; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3091, 2013-Ohio-994; *Dilley v. Dilley*, 11th Dist. Geauga No. 2011-G-3030, 2011-Ohio-5863; *Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093.

**{¶3}** On May 27, 2016, the trial court entered judgment, approving certain Qualified Domestic Relations Orders ("QDROs") filed by appellee, Tatiana Dilley. *Dilley,* 2017-Ohio-4046, at ¶7. Appellant filed a timely notice of appeal from that judgment on June 7, 2016. On appeal, we found appellant's arguments were barred by res judicata and affirmed the trial court's judgment. *Id.* at ¶11, ¶15.

**{¶4}** While that appeal was pending, on January 7, 2017, appellant filed in the trial court, "Plaintiff's Objections to the Trial Court's Decision of May 27, 2016, Motion to Modify Spousal Support, Motion to Vacate Void Orders, Motion for Relief from Judgment." Appellee filed a response on February 7, 2017. A magistrate's decision was filed February 22, 2017. Appellant filed objections to the magistrate's decision on March 6, 2017. On March 14, 2017, appellant requested that the magistrate issue findings of fact and conclusions of law. On March 15, 2017, the trial court approved and adopted the magistrate's decision, noting the magistrate's decision already contained findings of fact and conclusions of law.

**{¶5}** Appellant filed a timely notice of appeal on April 4, 2017. On appeal, appellant raises ten assignments of error. There has been no brief filed by appellee. We address appellant's assignments of error out of numerical order.

**{¶6}** Appellant's first and fourth assignments of error state:

[1.] The trial court committed prejudicial error and abused its discretion in denying the Plaintiff-Appellant's Motion to Vacate Void Orders and Motion for Relief from Judgment without conducting an evidentiary hearing and denying the Appellant due process. The magistrate and trial judge then lost subject matter jurisdiction making those judgments/orders void ab initio or Plain Error.

[4.] The trial court committed prejudicial error and abused its discretion and lost its subject matter jurisdiction by not following statutory procedure and violating due process by not ruling or conducting an evidentiary hearing on the Plaintiff-Appellant's assignment of Plain Error.

{¶7} In his first assignment of error, appellant argues the trial court abused its discretion and "lost its subject matter jurisdiction" when it failed to conduct an evidentiary hearing on appellant's Motion to Vacate Void Orders and Motion for Relief from Judgment.

{¶8} In his fourth assignment of error, appellant maintains the trial court ignored the argument raised in his January 7, 2017 motion that many of the judgments and orders of the trial court were made in plain error. Appellant maintains the trial court should have conducted an evidentiary hearing with regard to appellant's argument of plain error.

{¶9} "An appellant bears the burden of affirmatively demonstrating error on appeal." *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶14. Pursuant to App.R. 16(A)(7), an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Harris*, *supra*, at ¶15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th

3

Dist.1996). "If the party presenting an assignment of error for review fails to identify in the record the error on which it is based, this Court may disregard the assignment of error." *Id.*, citing App.R. 12(A)(2).

{¶10} In support of his first assignment of error, appellant cites to a case referencing the standard for granting a motion for summary judgment. There was no motion for summary judgment filed in the present case. This citation is clearly inapplicable. Further, under his fourth assignment of error, appellant fails to raise a clear argument and fails to cite to the record or any applicable law.

{¶11} Appellant's first and fourth assignments of error are without merit.

{¶12} Appellant's remaining assignments of error pertain to the trial court's denial of his Motion to Vacate Void Orders.

{¶13} Appellant's remaining assignments of error state:

> [2.] The trial court committed prejudicial error and abused its discretion in ruling that 'the Plaintiff's arguments of fraud upon the court, errors of fact, Plain Errors, ambiguous decisions, concealment, and procedural errors are barred by res judicata,' as void motions/arguments and Plain Error cannot be barred by res judicata. The manifest weight of evidence shows that the trial court lost its subject matter jurisdiction over numerous judgments/orders/awards in the action by not following statutory procedure, violating the Appellant's due process rights, exceeding its statutory authority, violating public policy, making procedural errors, and making judgments/orders/awards that were inconsistent with the final divorce decree.

> [3.] The trial court committed prejudicial error and abused its discretion by not ruling the judgments/orders/awards procured by a fraud upon the court or concealment of fact and evidence are void ab initio.

> [5.] The trial court in its March 10, 2010 judgment entry and subsequent judgment/order/awards committed prejudicial error and abused its discretion in ruling that a person (the Plaintiff-Appellant) who is over the retirement age and suffering from illness that left

4

that person disabled is voluntarily unemployed and subject to imputing income. These judgments/orders/awards substantively varied from statutory procedure, due process, statutory authority, and public policy thereby causing the trial court to lose subject matter jurisdiction. The March 10, 2010 judgment and subsequent judgments/orders/awards that decided that Appellant who was over the retirement age and disabled from illness was voluntarily unemployed and subject to imputed income are then void ab initio or Plain Error.

[6.] The trial court committed prejudicial error and abused its discretion as the trial court lacked jurisdiction to garnish 100% of the Plaintiff-Appellant's social security benefits and pension benefits. It lost its jurisdiction when it exceeded statutory procedure, statutory authority, and violated the Appellant's due process rights when it in [sic] violated Federal and State law and was inconsistent with the final divorce decree making the judgments/orders void ab initio.

[7.] The trial court committed prejudicial error and abused its authority and lost its subject matter jurisdiction for issuing its distributive award/orders and spousal support orders that were inconsistent with the trial court's final judgment entry, in factual evidence, error of statutory procedure, violated due process, exceeded its statutory authority, violated public policy, and where there was not a cognizable cause of action thereby making the judgments/orders/awards void ab initio or in Plain Error.

[8.] The trial court committed prejudicial error and abused its discretion and lacked subject matter jurisdiction in its award of the Plaintiff-Appellant's marital share of the Citigroup Cash Balance Plan to the Defendant-Appellee, making the award/order void ab initio.

[9.] The trial court committed prejudicial error and abused its discretion and lost subject matter jurisdiction when it ruled without factual evidence in its July 12, 2015, May 27, 2016 and March 15, 2017 judgment entries that the Plaintiff-Appellant owed $102,959.96 in back spousal support payment as of September 26, 2014. The trial court failed to conduct an evidentiary hearing and did not present any factual evidence to support its allegation and ruling. The trial court then lost subject matter jurisdiction by not following statutory procedure, violating the Appellant's due process rights, exceeding its statutory authority, and making a ruling without any cognizable cause of action thereby making its

5

determinations/judgments/orders/awards void ab initio or Plain Error.

[10.] The trial court committed prejudicial error and abused its discretion its [sic] judgment entry ordering awards and issuing QDRO's for the Shearson Pension Plan and Citigroup Cash Balance Plan. These judgments/orders violated the Plaintiff-Appellant's due process rights, did not follow statutory procedure, exceeded its statutory authority and were inconsistent with the final divorce decree which then is a statutory cause for the trial court to lose subject matter jurisdiction. The awards, judgment entries, orders, and issuance of the QDRO's then must be ruled void ab initio.

{¶14} Throughout his remaining assignments of error, appellant argues the trial court's March 10, 2010 judgment entry and subsequent judgment entries and orders are void, because the trial court did not have subject-matter jurisdiction and violated his due process rights. Appellant maintains, "the trial court not following statutory procedure, violating due process, exceeding its statutory authority, misinterpreting vague statutes, violating public policy, and being inconsistent in subsequent judgments/orders/awards to the final divorce decree have caused the trial court to lose subject matter jurisdiction." Appellant further maintains the trial court did not have subject-matter jurisdiction due to appellee's fraud upon the court.

{¶15} "An appellate court reviews the denial of a motion to vacate under an abuse of discretion standard." *Famageitto v. Telerico*, 11th Dist. Portage No. 2012-P-0146, 2013-Ohio-3666, ¶10; *see also Terwood v. Harrison*, 10 Ohio St.2d 170, 171 (1967). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). However, "'[a] determination as to whether the trial court has subject-matter jurisdiction is a question of

6

law reviewed de novo.'" *In re Smith*, 11th Dist. Portage No. 2014-P-0056, 2015-Ohio-5522, ¶13, quoting *JP Morgan Chase Banks v. Ritchey*, 11th Dist. Lake No. 2014-L-089, 2015-Ohio-1606, ¶16.

**{¶16}** "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Id.* at ¶19, citing *Pratts v. Hurley*, 102 Ohio St.3d 81 (2004), ¶12.

**{¶17}** A void judgment is considered a legal nullity that can be collaterally attacked. *Larney v. Vlahos*, 11th Dist. Trumbull No. 2015-T-0103, 2016-Ohio-1371, ¶6, citing *Clark v. Wilson*, 11th Dist. Trumbull No. 2000-T-0063, 2000 WL 1050524, *2 (July 28, 2000); *see also Wagenbrenner v. Wagenbrenner*, 10th Dist. Franklin No. 10AP-933, 2011-Ohio-2811, ¶12 (citation omitted) ("It is well-settled that a court has the inherent authority to vacate a void judgment and that a void judgment may be challenged at any time."). In contrast, a voidable judgment must be challenged through a "direct attack on the merits." *Id.*

**{¶18}** "Ohio's common pleas courts are endowed with 'original jurisdiction over all justiciable matters * * * as may be provided by law.'" *Kuchta*, *supra*, at ¶20, quoting Article IV, Section 4(B), Ohio Constitution. Here, the Geauga County Court of Common Pleas was "provided" subject-matter jurisdiction by R.C. 3105.011 ("The court of common pleas * * * has full equitable powers and jurisdiction appropriate to the

7

determination of all domestic relations matters."). Any error in the trial court's exercise of its jurisdiction in this case would therefore render its judgment voidable and not void.

{¶19} Although the two primary grounds upon which a judgment can be found void are that the trial court did not have either subject-matter jurisdiction or personal jurisdiction, "some courts have held that a trial court judgment can also be declared void when a party has been denied minimal due process." *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2013-A-0034, 2015-Ohio-3824, ¶41, citing *Rondy v. Rondy*, 13 Ohio App.3d 19, 22 (9th Dist.1983); *Kingery's Black Run Ranch, Inc. v. Kellough*, 4th Dist. Ross No. 00CA2549, 2001 WL 1767382, *4-5 (Dec. 18, 2001). *But see Carter-Jones Lumber Co. v. Willard*, 6th Dist. Lucas No. L-06-1096, 2006-Ohio-6629, ¶10. We need not address this district's position on this issue, because appellant has failed to state specific reasons for his allegations that the trial court violated his due process rights. Appellant continually recounts factual errors and errors of law he believes the trial court made in its judgments and contends the trial court "pronounced its [judgments] without hearing proof or evidence." Appellant further fails to state what process he was due, and the authorities appellant cites to in support of this argument are inapplicable to the present case.

{¶20} Appellant has failed to cite anything in the record and has presented no relevant authority to establish why any of the trial court orders were void. Appellant has simply rehashed arguments he has made previously, which are now barred by the doctrine of res judicata. Therefore, we cannot say the trial court abused its discretion in denying appellant's motion to vacate void orders.

{¶21} Appellant's second, third, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are without merit.

{¶22} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.