[Cite as *Dilley v. Dilley*, 2020-Ohio-984.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM DILLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-G-0207** |
| TATIANA DILLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2008 DC 000591.

Judgment: Affirmed.

*William Dilley*, pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Heidi M. Cisan*, Thrasher, Dinsmore & Dolan, LPA, 100 7th Avenue, Suite 150, Chardon, OH 44024 (For Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, William Dilley ("Mr. Dilley"), appeals from the March 8, 2019 judgment of the Geauga County Court of Common Pleas denying his motion to modify spousal support and finding him in contempt. For the following reasons, the trial court's judgment is affirmed.

{¶2} Mr. Dilley filed for divorce in May 2008. The trial court entered a final judgment of divorce on March 10, 2010. Since the entry of the final judgment of divorce, the matter has been subject to numerous and repetitive post-decree motions and appeals.

*See Dilley v. Dilley*, 11th Dist. Geauga No. 2017-G-0115, 2017-Ohio-8439; *Dilley v. Dilley*, 11th Dist. Geauga No. 2016-G-0078, 2017-Ohio-4046; *Dilley v. Dilley*, 11th Dist. Geauga No. 2014-G-3227, 2015-Ohio-1872; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3109, 2013-Ohio-4095; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3091, 2013-Ohio-994; *Dilley v. Dilley*, 11th Dist. Geauga No. 2011-G-3030, 2011-Ohio-5863; *Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093.

{¶3} Included in the case recitation above, Mr. Dilley has filed multiple motions to modify spousal support since the imposition of spousal support by the court on December 1, 2009. The trial court ruled on a motion for change of circumstances under R.C. 3105.18(F) in this matter in 2012. The trial court denied the request to modify support, which was affirmed by this court. *Dilley*, 2013-Ohio-4095, ¶10-14. Mr. Dilley filed another motion to modify support on July 2, 2013. At the hearing on that motion, the trial court found that Mr. Dilley's income was actually higher than it was at both the final divorce hearing and the hearing on the previous motion to modify spousal support. *Dilley*, 2015-Ohio-1872, ¶36. The trial court again denied the request to modify, which was also affirmed by this court. *Id*. at ¶45.

{¶4} The present appeal relates to three motions filed by the parties. Mr. Dilley filed a motion to modify spousal support in 2016, and another motion to modify [terminate] spousal support in 2017. Appellee, Tatiana Dilley, filed a motion to show cause and for attorney fees in 2017. All three motions were heard by the magistrate on March 30, 2018.

{¶5} At the hearing, the testimony of each party was presented, as well as of appellee's attorney regarding attorney fees. Both parties testified as to their current income and expenses. Mr. Dilley testified that his two adult sons were both living with him, and they each receive Social Security Disability payments. Mr. Dilley stated that

2

neither son contributes to the household expenses. In addition, the parties submitted exhibits and stipulations demonstrating their income and expenses.

{¶6} Based on the testimony, exhibits, and stipulations, the magistrate determined that Mr. Dilley failed to demonstrate a change of circumstances warranting a modification of spousal support. Specifically, the magistrate found that Mr. Dilley was in a better financial situation than he was in 2014, that he continues to be unemployed, and that the disability payments being received by his adult children could be used to offset expenses. Further, the magistrate recommended that Mr. Dilley be adjudged guilty of contempt of court for failure to pay spousal support and attorney fees. The magistrate recommended that the fine and sentencing on the contempt be suspended provided Mr. Dilley purged the contempt by making payments on the spousal support arrearage and attorney fees awarded to appellee's counsel.

{¶7} The trial court adopted the magistrate's decision on March 8, 2019, over Mr. Dilley's objections.

{¶8} Mr. Dilley filed a notice of appeal on May 13, 2019. On appeal, Mr. Dilley raises four assignments of error. There has been no brief filed by appellee. For clarity, we consider the assignments out of order.

{¶9} Mr. Dilley's first assignment of error states:

> [1.] The trial court erred as a matter of law and abused its discretion by finding that no change of circumstances existed to justify a downward modification or termination of spousal support.

{¶10} The trial court engages in a two-step analysis when determining whether to modify an award of spousal support. First, the court must determine whether the circumstances of either party have changed, which includes, inter alia, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical

3

expenses." R.C. 3105.18(F)(1). The "trial court must find a substantial change in circumstances before modifying a prior order for spousal support." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph one of the syllabus. A "substantial" change is one that is drastic, material, or significant. *Id.* at ¶32.

{¶11} "[O]nce a court has found that a substantial change in circumstances has occurred, it must consider whether the existing spousal support order should be modified. This requires a court to examine the existing award to determine if it is still appropriate and reasonable." *Haun v. Haun*, 11th Dist. Portage No. 2018-P-0108, 2019-Ohio-5408, ¶30, citing *Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶7.

{¶12} In matters relating to spousal support, the "trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case, but such discretion is not unlimited." *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990); *see also Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24 (1990) ("[a] trial court has considerable but not unbridled discretion in fashioning sustenance alimony awards"). "A reviewing court," therefore, "cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." *Kunkle, supra*, at 67. An abuse of discretion is the trial court's ""failure to exercise sound, reasonable, and legal decision-making."" *Dilley*, 2017-Ohio-8439, at ¶15, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶13} The arguments Mr. Dilley presents under this assignment of error in the present appeal challenge the trial court's determination of spousal support in previous judgment entries and cites alleged discrepancies in income figures used by the magistrate following the March 30, 2018 hearing. Contrary to his contention, the record is devoid of

4

any evidence that the magistrate disregarded the stipulations of the parties. Nevertheless, the arguments made by Mr. Dilley are also not persuasive because he proffered no evidence supporting a substantial change of circumstances necessary for the trial court to consider a modification of spousal support. His income following the divorce has indisputably risen. Also, the considerations regarding income, medical concerns, relative earning ability, expenses, costs of caring for the parties' adult children, and garnishments of Mr. Dilley's income were made by the trial court at the time of the divorce. These considerations were all contemplated before awarding appellee spousal support, and no evidence of a substantial change has been offered by Mr. Dilley in the present matter.

{¶14} Further, Mr. Dilley cites the imputed income of $170,000.00, as a substantial change in circumstances from 2010. This income was imputed because he was determined to be voluntarily unemployed due to termination for cause from his previous employment. While Mr. Dilley's testimony providing evidence of voluntary unemployment was presented at the hearing, the trial court did not rely on imputed income in determining whether to modify the spousal support order. Given that Mr. Dilley was approaching retirement age at the time of the original 2010 order, which awarded appellee spousal support for in excess of eight years, Mr. Dilley's potential retirement and relative ability to attain employment were all before the court and considered in 2010. In addition, any change from this time frame would have been addressed again when he filed his motion to modify in 2013. Therefore, the trial court did not abuse its discretion in determining that no substantial change in circumstances had been demonstrated by Mr. Dilley.

{¶15} Mr. Dilley's first assignment of error is without merit.

{¶16} Mr. Dilley's third assignment of error states:

5

[3.]  The trial court committed prejudicial error and abused its authority by not admitting to the record or hearing the Appellant's testimony or Pro se argument for the Appellant's accounting of spousal support, see Dilley v. Dilley Record of Spousal Support payments, as ordered by the court.

{¶17}  Mr. Dilley claims error on the part of the trial court for not admitting "to the record and for argument and consideration an accounting of spousal support payments that was ordered and required by the court."

{¶18}  The accounting of spousal support payments at issue was marked as Joint Exhibit #1 during the hearing.  It is contained in the record with the admitted exhibits and was used during testimony.  There was no objection to the testimony that referenced this exhibit.  At the conclusion of the hearing, the following exchange occurred regarding exhibits:

THE MAGISTRATE:  Okay.  We're back on the record after a brief recess.  All right.  [COUNSEL FOR MR. DILLEY], would you like to present or offer your exhibits?

[COUNSEL FOR MR. DILLEY]:  Yes, your honor.  I would like to offer Exhibits 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.

THE MAGISTRATE:  Okay.  [COUNSEL FOR APPELLEE], do you have any objections to any of those exhibits?

[COUNSEL FOR APPELLEE]:  No.

THE MAGISTRATE:  Well, you are making my life much easier.  Okay.  Defendant, or [COUNSEL FOR APPELLEE], would you like to present Defendant's Exhibits or offer then [sic], rather?

[COUNSEL FOR APPELLEE]:  Yes.  I have Defendant's Exhibits A, B, and C.

THE MAGISTRATE:  And?

[COUNSEL FOR MR. DILLEY]:  No objections.

THE MAGISTRATE:  Thank you, counsel.  That is appreciated.  Okay.  This matter will be taken under consideration. * * *

6

While the magistrate did not specifically admit into evidence the accounting document that was marked as Joint Exhibit #1, there was testimony regarding its contents. Neither party proferred it for admission, which the magistrate noted in her decision. In addition, it is difficult to understand why the failure to admit this document would prejudice Mr. Dilley, as it essentially demonstrates that he has failed to make the court ordered payments.

{¶19} Mr. Dilley's third assignment of error is without merit.

{¶20} Mr. Dilley's second and fourth assignments of error both challenge his financial ability to pay the amounts ordered with regard to spousal support, fines, and attorney fees following the contempt ruling. The assignments of error state:

> [2.] The trial court erred as a matter of law and abused its discretion by failing to find the Appellant had a valid defence [sic] of inability to pay to it's [sic] finding of contempt.

> [4.] The trial court committed prejudicial error and abused its discretion do [sic] to its failure to accurately make determination [sic] of evidence, testimony, and other facts presented at trial.

{¶21} Mr. Dilley argues that his statements of insufficient income to cover the comparable expenses submitted at the hearing, as well as his indigent status with the court, demonstrate that he is unable to pay the amounts ordered for spousal support arrearages and to purge the contempt.

{¶22} "An appellant bears the burden of affirmatively demonstrating error on appeal." *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶14. Pursuant to App.R. 16(A)(7), an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes,

7

and parts of the record on which appellant relies." "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Harris*, *supra*, at ¶15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). "If the party presenting an assignment of error for review fails to identify in the record the error on which it is based, this Court may disregard the assignment of error." *Id.*, citing App.R. 12(A)(2).

{¶23} Under his second and fourth assignments of error, Mr. Dilley fails to cite to the record or any applicable law supporting his contention that inability to pay a spousal support obligation or sanction for contempt is a defense to fulfilling the obligation. Further, the magistrate specifically addressed the concerns regarding Mr. Dilley's expenses when stating in the conclusions of law that, "[p]laintiff has two children living with him. Both children receive disability income which could be used to offset Plaintiff's expenses." Mr. Dilley cites no legal authority to support his arguments here.

{¶24} Mr. Dilley's second and fourth assignments of error are without merit.

{¶25} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

8