[Cite as *Dilley v. Dilley*, 2023-Ohio-3303.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| WILLIAM DILLEY,<br><br>　　　　Plaintiff-Appellant,<br><br>- vs -<br><br>TATIANA DILLEY,<br><br>　　　　Defendant-Appellee. | **CASE NO. 2023-G-0008**<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2008 DC 000591 |

**O P I N I O N**

Decided: September 18, 2023
Judgment: Affirmed

*William Dilley*, pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Tatiana Dilley*, pro se, 8140 Mayfield Road, Apt. B, Chesterland, OH 44026 (Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}  Appellant, William Dilley ("Mr. Dilley"), appeals from the March 3, 2023, judgment of the Geauga County Court of Common Pleas that found, pursuant to its November 18, 2022 judgment entry, he fulfilled his spousal support obligations and ordered the termination of the withholding/garnishment orders of his Social Security benefits and his pension and cash plans.  The court issued amended Qualified Domestic Relations Orders ("QDROs") to Mr. Dilley's pension and cash plans upon the request from the plans' administrator for additional language to terminate the spousal support.

{¶2}  Mr. Dilley raises two assignments of error on appeal, contending the trial court committed prejudicial error (1) by approving multiple QDROs starting in 2010 that were prepared by appellee, his former spouse, Tatiana Dilley ("Ms. Dilley"), and (2) by denying his motion for recoupment of spousal support overpayments.

{¶3}  After a careful review of the record and pertinent law, we find Mr. Dilley's assignments of error to be without merit since they are barred by the doctrine of res judicata.  Mr. Dilley is attempting to raise issues of spousal support overpayments that were already decided by the trial court, which he either failed to appeal or were affirmed on appeal.

{¶4}  The judgment of the Geauga County Court of Common Pleas is affirmed.

### Substantive and Procedural History

{¶5}  This case has a rather tortured and convoluted history and has been the subject of numerous post-decree motions and appeals, due in large part to Mr. Dilley's spousal support obligations.  *See Dilley v. Dilley*, 11th Dist. Geauga No. 2016-G-0078, 2017-Ohio-4046; *Dilley v. Dilley*, 11th Dist. Geauga No. 2014-G-3227, 2015-Ohio-1872; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3109, 2013-Ohio-4095; *Dilley v. Dilley*, 11th Dist. Geauga No. 2012-G-3091, 2013-Ohio-994; *Dilley v. Dilley*, 11th Dist. Geauga No. 2011-G-3030, 2011-Ohio-5863; *Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093; *Dilley v. Dilley*, 11th Dist. Geauga No. 2017-G-0115, 2017-Ohio-8439; *Dilley v. Dilley*, 11th Dist. Geauga No. 2016-G-0078, 2017-Ohio-4046; *Dilley v. Dilley*, 11th Dist. Geauga No. 2019-G-0207, 2020-Ohio-984.

{¶6}  In May 2008, Mr. Dilley filed for divorce, and the trial court entered a final decree of divorce on March 10, 2010.  At the time of divorce, Mr. Dilley was 65 years of

2

age. Pursuant to the divorce decree, each party was awarded 50% of Mr. Dilley's retirement benefits (the parties' only significant assets), which included: (1) a Shearson Pension already in pay status (defined benefit plan); a Citigroup 401(k) (defined contribution plan); (3) a stock option plan; and (4) a Citi Cash Balance Plan already in pay status (defined contribution plan). Mr. Dilley was also ordered to pay Ms. Dilley $2,000 in monthly spousal support through the Geauga County Child Support Enforcement Agency ("CSEA"), for a period of eight years and eight months.

{¶7} In July 2012, following a remand from this court, the trial court ordered Mr. Dilley to pay Ms. Dilley $2,000 in spousal support through CSEA ("Tier I spousal support"), as well as additional spousal support due to arrearages in the form of Mr. Dilley's 50% share of his monthly pension from his Shearson Pension ("Tier II spousal support"). *See Dilley*, 2011-Ohio-2093 (remanding). Pursuant to a 2014 judgment entry and subsequent QDROs issued in 2016, Ms. Dilley was also entitled to receive a sum from Citigroup out of Mr. Dilley's 50% share due to an inadvertent lump sum payment Citigroup made to Mr. Dilley. She was also entitled to attorney fees from Mr. Dilley.

{¶8} The instant appeal concerns the termination of these spousal support obligations. In March 2022, Mr. Dilley filed a Motion to Modify/Terminate Spousal Support and for Reimbursement. At that time, there was a withholding order on Mr. Dilley's Social Security benefits by CSEA (for spousal support arrearages) and the two QDROs with Shearson Pension and Citigroup outstanding.

{¶9} In October 2022, after a hearing, the magistrate found (1) the Tier I spousal support through CSEA should terminate immediately and any monies held and not yet disbursed should be refunded, (2) Mr. Dilley's Tier II spousal support from the Shearson

3

Pension should terminate immediately, and (3) two amended QDROs should be issued to (i) terminate the withholding of Mr. Dilley's 50% shares of the Shearson Pension and Citigroup Plan, and (ii) grant both Mr. and Ms. Dilley their right to receive their respective 50% shares in the Shearson Pension and Citigroup Plan.

{¶10} The magistrate further found Mr. Dilley overpaid $18,049.23 in spousal support to Ms. Dilley. The magistrate concluded, however, that Mr. Dilley was not entitled to reimbursement for any overpayment because he failed to timely file a motion to terminate his spousal support obligation, he never paid his monthly spousal support in a timely manner (which resulted in "garnishment" orders against his share of his Citigroup benefits), and his conduct caused Ms. Dilley to suffer countless delays, the immeasurable loss of value of overdue funds, and unnecessary legal fees.

{¶11} In November 2022, the trial court adopted the magistrate's decision, overruled Mr. Dilley's objections, and issued the two amended QDROs to reflect the termination of Mr. Dilley's spousal support obligation. The trial court noted that Mr. Dilley stated in his objections that he was not "objecting to overturn the magistrate's decision" but wanted the record to reflect the correct facts. In addition, Mr. Dilley averred in his objections that "[w]hile [he] believes that he is entitled to reimbursement for overpayments [totaling $46,912.80], [he] is 78 years old and in poor health and is running out of time to get his affairs in order. * * * [Mr. Dilley] therefore prays this Court will render a speedy conclusion of this divorce action." Mr. Dilley also neglected to submit a copy of the transcript as required by Civ.R. 53(D)(3)(b)(iii).

{¶12} Thereafter, Mr. Dilley filed several motions, which included requesting reimbursement for spousal support overpayments as well as amended QDROs because

4

Citigroup (who administers both plans) requested additional language to effectuate the orders.

{¶13} In January 2023, the trial court issued a judgment entry denying Mr. Dilley's requests for reimbursement of overpayments, noting he was attempting to relitigate matters addressed and previously determined in the November 2022 judgment entry. The trial court also granted Mr. Dilley's request for amended QDROs and directed him to appear for a pretrial with written evidence from Citigroup.

{¶14} At the end of February 2023, Mr. Dilley subsequently filed, as relevant to the instant appeal, a motion for recoupment, which again requested reimbursement of overpaid spousal support. On March 3, 2023, Mr. Dilley filed a motion to withdraw his motion for recoupment "for the purposes of judicial economy and case efficiency."

{¶15} On the same day, the trial court issued a judgment entry (from which this appeal arises), noting Mr. Dilley's spousal support obligations terminated by way of the November 2022 judgment entry and reiterating its previous order to CSEA to cease its withholding/garnishment order of Mr. Dilley's Social Security benefits. The judgment entry also issued amended QDROs containing the additional language requested by Citigroup. Further, it dismissed all pending motions.[1]

{¶16} Mr. Dilley raises two assignments of error for our review:

{¶17} "[1.] The trial court committed a prejudicial error when it approved multiple QDROs starting in 2010, prepared by the Appellee, ordering direct payment of the Appellant's share of the Pension Plans to the Appellee and ordering spousal support from

---

1. Prior to filing his notice of appeal, Mr. Dilley filed a motion for relief from judgment pursuant to Civ.R. 60(B) and an amended motion for relief from judgment. The magistrate issued a judgment entry deferring all pending motions until the instant matter is resolved.

5

Case No. 2023-G-0008

Appellant's separate funds to be paid directly to the Appellee both being inconsistent with the Divorce Decree. This error in discretion caused CSPC to report an inaccurate Payment History of Spousal Support which in turn caused the court to increase the amount and duration of the award of spousal support in violation of R.C. 3105.171(I).

{¶18} "[2.] The trial court committed prejudicial error in denying Appellant's Motion for recoupment of overpayments."

## Spousal Support

{¶19} Because both of Mr. Dilley's assignments of error concern the reimbursement of overpaid spousal support, we will address them together. In his first assignment of error, Mr. Dilley contends the trial court erred when it issued QDROs prepared by Ms. Dilley in 2010 that erroneously lengthened the term and amount of his spousal support obligations. In his second assignment of error, Mr. Dilley contends the trial court committed prejudicial error in denying his motion for recoupment of funds overpaid to Ms. Dilley.

{¶20} We review a trial court's decision regarding spousal support for an abuse of discretion. *McLeod v. McLeod*, 11th Dist. Ashtabula No. 2012-A-0030, 2013-Ohio-4546, ¶ 10; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶21} Mr. Dilley's claims are barred by the doctrine of res judicata. A party is prohibited "'from re-litigating issues in the trial court which have been duly considered and formerly adjudicated.'" *Nolan v. Nolan*, 11th Dist. Geauga No. 2009-G-2885, 2010-Ohio-

6

1447, ¶ 40, quoting *Kean v. Kean*, 11th Dist. Trumbull No. 2005-T-0079, 2006-Ohio-3222, ¶ 17, fn. 3.

{¶22} While the trial court did not directly address Mr. Dilley's motion for recoupment (or his motion to withdraw the motion for recoupment), it found Mr. Dilley was attempting to relitigate matters previously decided in the November 2022 judgment entry that overruled his objections and terminated his spousal support obligations. In those objections, Mr. Dilley expressly stated he was not raising an objection to the trial court's award of the spousal support overpayment to Ms. Dilley (due to his own actions throughout the term of his spousal support obligation), nor did he appeal the trial court's judgment. In addition, Mr. Dilley cannot attack previous QDRO orders since they are issues which have been previously raised and decided. *See e.g.*, *Dilley*, 2017-Ohio-8439, at ¶ 20 (attempting to raise spousal support issues previously decided); *Dilley*, 2015-Ohio-1872, at ¶ 12 (raising issues already decided that were either not appealed or affirmed on appeal); *Dilley*, 2017-Ohio-4046, at ¶ 11 (finding Mr. Dilley's arguments were barred by the doctrine of res judicata).

{¶23} As this court succinctly noted in *Petralia v. Petralia*, 11th Dist. Lake No. 2002-L-047, 2003-Ohio-3867:

{¶24} "'A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' * * * Res judicata precludes relitigation of the same issue when there is mutuality of the parties and when a final decision has been rendered on the merits". *Kalia v. Kalia*, 11th Dist. No. 2001-T-0041, 2002-Ohio-7160, at ¶ 32, 151

7

Ohio App.3d 145, 783 N.E.2d 623, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶25} "'Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case.' *Bean v. Bean* (1983), 14 Ohio App.3d 358, 361, 471 N.E.2d 785, quoting *Petersine v. Thomas* (1876), 28 Ohio St. 596, 601." *Id.* at ¶ 12-13.

{¶26} The judgment of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

8

Case No. 2023-G-0008