[Cite as *Dilley v. Dilley*, 2024-Ohio-2035.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| WILLIAM DILLEY, | CASE NO. 2024-G-0005 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| TATIANA DILLEY, | |
| Defendant-Appellee. | Trial Court No. 2008 DC 000591 |

# O P I N I O N

Decided: May 28, 2024
Judgment: Affirmed

*William Dilley*, pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Tatiana Dilley*, pro se, 8140 Mayfield Road, Apt. B, Chesterland, OH 44026 (Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} The instant appeal is another attempt by appellant, William Dilley ("Mr. Dilley"), to recoup retirement benefits/disbursements that the trial court allocated upon the termination of Mr. Dilley's spousal support obligation to appellee, Tatiana Dilley ("Ms. Dilley"). Critically, Mr. Dilley failed to object to and/or appeal this original decision. Mr. Dilley appeals the judgment of the Geauga County Court of Common Pleas that denied his "motion for submission of amended Qualified Domestic Relations Order[s] ("QDRO"), nunc pro tun[c]."

{¶2} Mr. Dilley raises one assignment of error, contending the trial court abused its discretion and erred as a matter of law by denying his motion for amended QDROs.

{¶3} After a careful review of the record and pertinent law, we find Mr. Dilley's assignment of error to be without merit since it is barred by the doctrine of res judicata. Mr. Dilley is attempting to relitigate the terms of the trial court's November 2022 judgment entries and amended QDROs that were issued upon the termination of his spousal support obligations.

{¶4} The judgment of the Geauga County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} After 14 years of litigation in the trial court and this court, Mr. Dilley's spousal support obligation was terminated in November 2022. Among the magistrate's findings, which the trial court adopted, was that Mr. Dilley overpaid spousal support but was not entitled to reimbursement. Mr. Dilley failed to object and/or appeal the trial court's judgment entries, and the trial court issued amended QDROs to Citigroup, which administered a Citi Cash Balance Plan and a Shearson Pension, both already in pay status for the parties.

{¶6} Mr. Dilley filed several motions, which included a motion requesting reimbursement for spousal support overpayments and amended QDROs because Citigroup requested additional language to effectuate the orders as well as a motion for recoupment. The trial court denied Mr. Dilley's motions and issued amended QDROs containing the additional language requested by Citigroup.

{¶7} Mr. Dilley appealed the trial court's denial of his motion for recoupment of spousal support to this court, and in *Dilley v. Dilley*, 11th Dist. Geauga No. 2023-G-0008,

2

2023-Ohio-3303, we found his assignments of error were barred by the doctrine of res judicata. *Id.* at ¶ 21. Mr. Dilley's overpayment of spousal support and the amended QDROs were issues previously raised and decided. *Id.* at ¶ 22.

{¶8} Mr. Dilley filed a motion to reconsider, which we denied.

{¶9} In the interim, while his first appeal was pending, the trial court ordered Mr. Dilley to file an "update of QDRO status," which he failed to do.

{¶10} After his appeal, Mr. Dilley filed a "motion for submission of amended [QDROs], nunc pro tun[c]" (the subject of the instant appeal). In his motion, he acknowledged that Citigroup advised him that the two amended QDROs are "qualified" and that it would not make any "retroactive adjustments" despite his urging to Citigroup that the trial court's amended QDROs conflicted with the final divorce decrees (the original decree in 2010 and after remand in 2012). Attached to Mr. Dilley's motion was a Geauga County Job and Family Services audit, prepared on March 8, 2023, and a Citigroup Pension payment account summary for the Citi Cash Balance Plan and Shearson Pension Plan.

{¶11} In December 2023, the trial court denied Mr. Dilley's motion, with prejudice, noting that any "retroactive adjustments" Mr. Dilley requested from Citigroup would be contrary to the terms of its November 2022 judgment entries that terminated his spousal support obligation. The trial court concluded that "Citigroup's qualification of the Amended QDROs puts an end to this litigation. [Mr. Dilley] is not permitted to continually attempt to relitigate this matter."[1]

---

1. On the same day, the trial court issued a judgment entry denying various motions filed by Mr. Dilley that had been pending while this case was on appeal in *Dilley*, 2023-Ohio-3303 (11th Dist.).

3

Case No. 2024-G-0005

{¶12} Mr. Dilley raises one assignment of error for our review:

{¶13} "The trial court erred and abused its discretion as a matter of law to the prejudice of the Appellant in its denial of the 'Motion for Submission of Amended Qualified Domestic Relations Order, Nunc Pro Tunc' filed on November 27, 2023, and in its denial to execute and submit to Citi Pension the attached QDROs for the Shearson Pension Plan and the Citi Cash Balance Plan."

### The Doctrine of Res Judicata

{¶14} In Mr. Dilley's sole assignment of error, he contends the trial court erred by denying his "motion for submission of amended [QDROs], nunc pro tun[c]." He contends the amended QDROs are not in compliance with the original divorce decrees.

{¶15} After a review of Mr. Dilley's motion, we agree with the trial court's conclusion that Mr. Dilley appears to have attempted to circumvent the terms of the trial court's November 2022 judgment entries and the amended QDROs by contacting Citigroup and requesting it to evaluate whether the amended QDROs are compliant with the original divorce decrees after he unsuccessfully attempted to do so in the trial court and on appeal. Thus, this is yet another attempt to relitigate the terms of his spousal support termination, including the division of retirement benefits and the amended QDROs.

{¶16} As such, Mr. Dilley's claim is barred by the doctrine of res judicata, which prohibits a party from relitigating issues that have been duly considered and formerly adjudicated. *Dilley*, 2023-Ohio-3303, ¶ 21 (11th Dist.).

{¶17} "'A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the

4

Case No. 2024-G-0005

subject matter of the previous action. Res judicata precludes relitigation of the same issue when there is mutuality of the parties and when a final decision has been rendered on the merits. *Kalia v. Kalia*, * * *151 Ohio App.3d 145, [2002-Ohio-7160], 783 N.E.2d 623, [¶ 32] (11th), quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶18} "'Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case. *Bean v. Bean* (1983), 14 Ohio App.3d 358, 361, 471 N.E.2d 785, quoting *Petersine v. Thomas* (1876), 28 Ohio St. 596, 601.'" *Dilley*, 2023-Ohio-3303, at ¶ 24-25 (11th Dist.), quoting *Petralia v. Petralia*, 11th Dist. Lake No. 2002-L-047, 2003-Ohio-3867, ¶ 12-13.

{¶19} The judgment entry of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

5